APRIL TERM
1837.

Martin
v.
Withington.

Nor wil payment of part of the stipulated price, and a promise to pay the balance, before the defect in the work is discovered, constitute such an *acceptance* of the work as to impose any obligation on the employer to pay the balance.

———⋆✕⋆———

## MARTIN v. WITHINGTON.

The supreme court in reviewing the judgment of a circuit court, made on a finding of facts by the court without the aid of a jury, will not disturb that verdict, unless it be clearly against the weight of evidence.

ERROR to Lincoln circuit court.

*C. Wells*, for plaintiff:
This was an action of detinue, brought by Martin against Withington, for a sack of coffee. The defendant pleaded
1st. Non detinet.
2nd. Property in defendant.

3rd. That goods were delivered to him as bailee, and not demanded. And

4th. That he and defendant bought the goods in partnership, and that no division had been made. The plaintiff joined issue to the first plea, and replied to the three others, to which defendant joined issue. No jury was required, and the court sitting as a jury, found the first and third issues for defendant, and the second and fourth for plaintiff, and gave judgment for defendant. The plaintiff moved the court for a new trial, on the ground that the first and third issues ought from the evidence to have been found for the plaintiff. The court overruled the motion, and this is assigned for error.

This being purely a question of fact, it is only necessary to look to the evidence as set out in the bill of exceptions. The third plea avers, 1st, that the goods were delivered to defendant as bailee. The evidence shews that the defendant kept a ware-house on the river, at a steamboat landing. The plaintiff left in defendant's yard the sack of coffee sued for, together with other goods, and requested defendant to put them in the house if it rained. That defendant's wife did put them in the warehouse; that plaintiff sent a man with a wagon for the goods; that defendant was not at home, and that his son delivered the coffee and other goods to the wagoner—and that the wagoner put them in his wagon; that defendant came home before the wagon had gone, and took the coffee out of the wagon, and refused to let the wagoner have it, but permitted the wagoner to take away the remainder of the plaintiff's goods. The plaintiff in error, contends that there was no delivery to defendant as bailee; but, if there was, that the defendant had become legally dispossessed of the coffee by the delivery of it, by his son (who was his agent) to the wagoner, (who was the agent of the plaintiff) to review his goods.

2nd. The third plea avers, that plaintiff never demanded the coffee till the commencement of this suit.

The evidence shews that plaintiff employed a wagoner to go for his goods; that he went, and that defendant did not dispute or question his agency, but fully recognized it by permitting him to take away a part of the goods. The whole of the evidence is clearly for the plaintiff on the third issue.

The first issue ought to have been found for the plaintiff, as the evidence shews property in the plaintiff; possession in defendant, and that the defendant did unlawfully detain the goods.

APRIL TERM 1837.

Martin
v.
Withington.

*E. Bates*, for defendant:

This is an action of detinue, brought by Martin against Withington, for a sack of coffee. Defendant pleaded 4 pleas—1st. Non det'net. 2nd. Property in defendant. 3rd. The coffee deposited with defendant as bailee, and no lawful demand made. 4th. The coffee bought by plaintiff and defendant as partners, to be divided, and no division made. The court sitting as a jury, found the issues first and third for defendant; second and fourth for plaintiff. Judgment for defendant; to reverse which, the case comes here by writ of error. The only error assigned, is, that the court overruled the plaintiff's motion for a new trial. I believe it is a question of fact only, depending on the testimony, which is short and embodied in the bill of exceptions, to which I refer; and for the defendant, I submit that the new trial was properly refused.

Statement of the case made, and opinion delivered by TOMPKINS, Judge.

Martin brought his action of detinue against Withington, and judgment being given against him in the circuit court, he applied for a new trial. This being refused, he brings the cause into this court by writ of error.

From the evidence preserved in the bill of exceptions, it appears that Withington, the defendant in the action, kept a ware-house on the bank of the Mississippi, that among several other articles, a bag of coffee had been deposited with him by Martin, the plaintiff in the action. Martin sent a wagon for his goods, and the defendant not being at home, they were delivered to the driver of the wagon by the son of Withington, a youth "about grown." Before the wagon departed the defendant came home, and observed, that had he been there the plaintiff should not have had the sack of coffee; that the plaintiff had bought the coffee with his own money in St. Louis, and had agreed to let him, the defendant, have sixty pounds of it, for B. W. Hammack; and if he let the coffee go, Hammack would not get his coffee—and that the plaintiff owed him three or four dollars for boarding and for storage. The defendant then took the sack of coffee out of the wagon. The wagoner told the defendant, he would pay whatever was due on the coffee; the defendant said nothing was due on the coffee; the wagoner then offered to pay what the plaintiff owed the defendant, if defendant would give him an order on plaintiff; the defendant declined doing this, saying the plain-

tiff would never pay him (the wagoner.) It was also in evidence, that the youth who delivered the coffee was frequently employed about the ware-house, delivering and receiving goods there; that the plaintiff's goods had been left in the yard, and were not intended to be stored, but that they were put under shelter from a rain that fell about that time; and that the defendant requested one of his neighbors to inform the plaintiff that he might send and get his bag of coffee. The authority of the wagoner to receive the coffee is not disputed.

It seems to us that the defendant by his conduct, plainly admitted the authority of his son to deliver the goods to the plaintiff's agent; they were accordingly delivered. We may say to the plaintiff himself for the delivery to his agent is a delivery in law to himself. The coffee being then delivered, he had no right to go into the wagon to take it out. The witnesses proved that the coffee had not been stored, but was only left in the defendant's yard by his permission; and the defendant himself admitted that there was nothing due him on the coffee. Supposing he had proved that to be true which he had asserted, that a balance was due him for storage, still he could not retain this coffee, which had not been stored, on account of that balance. There remains then no claim for the defendant to assert to retain the bag of coffee, but that founded on the promise of plaintiff, to let him have sixty pounds of it for B. W. Hammack.

The supreme court in reviewing the judgment of a circuit court, made on a finding of facts by the court without the aid of a jury, will not disturb that verdict, unless it be clearly against the weight of evidence.

It is the opinion of this court that the circuit court, sitting in this case as a jury, ought, on this state of facts to have found a verdict for the plaintiff, and to have given judgment accordingly; and although in some cases we are not disposed to disturb the judgments of the circuit courts, entered upon verdicts found on testimony that seemed to us insufficient; yet in this case, the testimony in favor of the plaintiff is so strong, that we have no hesitation in saying, that we believe the circuit court committed error in refusing him a new trial. Its judgment is therefore reversed and the cause remanded.