### Dooly & Kirkland v. Jinnings.

1. It is the peculiar province of the jury to weigh the evidence and determine its worth.
2. The judgment of the circuit court, in refusing to grant a new trial, will not be reversed by the appellate court, on the ground that the verdict was without evidence, &c. unless the evidence greatly preponderated in favor of the party seeking the reversal.
3. A purchaser at a sale with a knowledge of the defects of the thing purchased, is not entitled to redress unless there has been a warranty.
4. The purchaser of an unsound horse, knowing him to be unsound, must be very particular in the language of a warranty against a known unsoundness, lest the warranty should not be supposed to extend to such known unsoundness.

Appeal from circuit court of Monroe county.

Williams & Kirtly for appellants.

1st. There was no notice, at the time of the sale, that the mare was unsound, 3 Hen. & Mun. Argentbright vs. Campbell, p. 144. Sugden on vendors p. 315, and Wildgoose vs. Weyland, Gillaspie 147, p. 67, &c.

2nd. An express warranty need not be in express terms. see 19th Johns 299. 2 Harr and Gill 495. Wood vs. Smith 4 Carr and Payne 45. See Oneida Manufacturing soc. vs. Lawrence, 4 Con. N. 440. Jones vs. Bright, 5 Bingh 533. Osgood vs. Lewis, 2 Harr and Gill 495, &c. Shopman vs. March, 19th Johns 484. 2nd Starkies Evidence 901, and Chitty on contracts 135.

OCT. TERM
1839.

Dooley
v.
Jinnings.

3rd. That the seller saying a horse is sound, as far as he knows or believes, amounts to a qualified warranty on which he is liable, see case of Woods vs. Smith 4 Carr and Payne 45. Oneida manufacturing society vs. Lawrence, 4 Cowen 440, 12 Wheat 193.

4th. An offer to return an unsound animal, within a reasonable time after unsoundness is discovered, is sufficient, see. 3 Monroe 371. Bibb 91, Bacon vs. Brown. See 1 J. J. Marshall 54. See 4 Little Rep. 16, Tibbs & Clark vs. Timberlake, and Manham vs. Jones, 2 Bibb 33.

Wright for appellee.

No error was committed by the court in giving the instruction asked by appellee.

Opinion of the court delivered by Tompkins Judge.

Jennings assignee, &c., sued Dooly & Kirkland on a note before a justice of the peace ; the justice gave judgment against him, and he appealed to the circuit court, where he obtained a judgment, to reverse which the defendants before the justice, appellants here, prosecute this appeal. On the trial of the cause in the circuit court, much conflicting evidence was given. The note was given in consideration of a mare sold by Holmes, the assignor of Jennings, at public auction. The cryer of the sale stated that he declared at the sale that, for any thing known to him, the mare was sound. Several witnesses stated that Holmes had two sorrel mares, one of which they had heard him say was unsound, and that they believed this to be the mare. Several witnesses on the part of the appellant proved that they had known this mare for three or four years, had frequently seen her in use, under the saddle, and also both in the plough and in a wagon, and that they had perceived no evidence of unsoundness ; on the contrary, she had performed well. The court then, on application of the appellees, instructed the jury, that if they believed from the evidence that the mare was unsound at the time of the sale, and that Holmes was informed of that unsoundness, then they must find for the appellees. The jury finding a verdict for the appellees, the appellant moved for a new trial, because the verdict was found without evidence, &c., and because the court mista-

structed the jury. It is certainly the peculiar province of the jury to weigh and determine the worth of the evidence, and there was evidence on both sides. That weight of evidence ought to be much the greater, which should determine an appellate court to reverse a judgment, because the circuit court had refused to grant a new trial. In this case, the weight of evidence, as it seems to me, inclined towards the finding of the jury. Therefore its finding should not on that account be disturbed. But it is also insisted that the circuit court mis-instructed the jury. That court did tell the jury, on motion of the appellant, that if they believed from the evidence that the mare was unsound at the time of the sale, and that Holmes was informed of her unsoundness, and that the appellee was also informed of the fact, they ought to find for the appellant, unless they also found there was a warranty of her soundess by Holmes. To this instruction I see no objection. The person who buys at a sale, with a knowledge of the defects of the thing purchased, can certainly pretend to no redress unless there had been a warranty. A person who purchases an unsound horse, knowing him to be unsound, has need to be very particular in the language of a warranty against a known unsoundness; lest the warranty should not be supposed to extend to this known unsoundness. On this account then it does not seem that the judgment of the circuit court ought to be reversed. The judgment is therefore affirmed, this court not perceiving that the circuit court committed error either in refusing a new trial, or in the instructions it gave the jury.

OCT. TERM 1839.

Dooley
v.
Jennings.

It is the peculiar province of the jury to weigh the evidence & determine its worth. The judgment of the circuit court, in refusing to grant a new trial, will not be reversed by the appellate court, on the ground that the verdict was without evidence, &c. unless the evidence greatly preponderated in favor of the party seeking the reversal. A purchaser at a sale with a knowledge of the defects of the thing purchased, is not entitled to redress unless there has been a warranty. The purchaser of an unsound horse, knowing him to be unsound, must be very particular in the language of a warranty against a known unsoundness, lest the warranty should not be supposed to extend to such known unsoundness.