*Davis vs. Davis.*

DAVIS *vs.* DAVIS.

1. Where the Circuit Court improperly grants a new trial, and the party complaining wishes to avail himself of the error, he should tender his bill of exceptions, and abandon the case at that point, otherwise he cannot assign for error the granting of the new trial.

2. Where a testator omits in his will to make a disposition of a part of his property, or where it is ambiguous upon the face of the will what disposition he intended to make of such part, parol evidence is inadmissible to show that the testator intended to give such part of his estate to a particular heir.

APPEAL from the Boone Circuit Court.

KIRTLEY, *for Appellant.*

1. That the Circuit Court erred in setting aside the order of the County Court, and granting a new trial; for the bill of exceptions taken in the County Court was so wholly defective, that the Circuit Court could, by nothing on the record, determine whether the County Court decided right or wrong.—See Laws of Missouri of 1835, sec. 6, p. 63, and sec. 8, p. 64; 7 Mo. Rep., 4; 4 Mo. Rep., 18, Foster and Nowland, and 626, Searcy *vs.* Devine; 5 Mo. Rep., 110.

2. That the Circuit Court erred in rejecting the testimony offered on the trial in that court by the appellant.—See 3 J. J. Marshall, 238, Whitaker *vs.* Blair; 2 Rope on Leg., 322, Do. from 505 to 513.

3. That the finding and judgment of the Circuit Court is wholly insufficient and defective, and does not determine the rights of the parties.—See section 8, p. 64, Laws Mo., 1835.

TODD, *for Appellee.*

1. That there is no bequest in the will of the residuum of the estate to the appellant, either as a legatee, or as executor.

2. That parol evidence is not admissible to enlarge, or vary the terms of the will.—Fonb. Eq., 172, note; *Ibid.*, 339; 1 Johns. C. Rep., 234; 2 Marshall, 51.

TOMPKINS, *Judge, delivered the opinion of the Court.*

John Ellis, administrator, with the will annexed, of Samuel Davis, at the May term of the County Court for Boone county, in the year 1841, made his annual settlement, and there was found in his hands, after the settlement of all demands against the estate of the deceased, the sum of $750; whereupon, the record states, William M. Davis came into court, and moved the court to make an order on the administrator to pay the same over to him, and as evidence of his right, read to the court the last will and testament of Samuel Davis, deceased, which is in the words and figures following, to wit:—

*Davis* vs. *Davis.*

"Florida, November the first, in the year of our Lord one thousand eight hundred and thirty-seven; being of sound mind and understanding, make this my will and testament, after committing my soul to the hands of God:—1st. I will that Wm. M. Davis, of the county of Boone and State of Missouri, be my executor, and sell my land in the county aforesaid, and pay all dues and lawful demands, and then pay to each of my brothers and sisters fifty dollars: 2d. I will that Rachel Martin have all my things that remain with her: 3d. I will that John Ellis receive my —— in the service in which I am engaged, pay the same over to William M. Davis, and what remains with me: 4th. I will that the business in which I am engaged, of Jane Wiley, deceased, be given up to G. Winant.

"Given under," &c.

The record then shows the will duly proved and recorded; and then it shows, that John Davis and others were admitted to be brothers and sisters of the deceased; that the brothers and sisters of the deceased were his only legal representatives, and they moved the court to make an order distributing the estate equally among the heirs at law: whereupon the court made an order, directing the administrator to pay over the said sum of $750 to the said William M. Davis. The order is then set out at large, and the clerk certifies, that it is a true copy of the record, and that the losing party excepted. The record above, set out in substance, is then copied over again literally, into what is called a bill of exceptions. The affidavit for an appeal, and appeal bond, are also set out.

When the cause came into the Circuit Court, the appellant moved the court to set aside the judgment of the County Court, and grant a new trial.

Davis appeared by counsel, and opposed the motion. The Circuit Court set aside the judgment of the County Court, and granted the appellants a new trial. William M. Davis, appellee there, and appellant here, excepted to the decision of the court. The new trial was had; William M. Davis, appellant here, attended, and an order was made by the Circuit Court, that the administrator proceed to distribute the money which the County Court had directed to be paid to William M. Davis, among the legal representatives of the deceased. The appellant, Wm. M. Davis, excepted, and moved for a new trial.

In the bill of exceptions, it appears, that Davis, appellant, gave in evidence the will of the deceased, and then offered evidence to prove that the deceased died in Florida, but resided in Boone county; that he was his youngest brother, was a favorite, and raised by deceased in his family: that the deceased was a bachelor, without children; and that, at time of making his will, it was his intention to devise away the whole estate, and not to leave a residue undevised.

The Circuit Court refused to admit this evidence, and the appellant, Davis, excepted, and moved for a new trial, as above-mentioned. It is assigned for error —

1. That the Circuit Court erred in setting aside the judgment of the County Court, and in granting the appellee a new trial.

2. That the Circuit Court erred in rejecting the testimony offered by the appellant.

3. That the Circuit Court committed error in the judgment which it gave.

8

*Davis* vs. *Davis.*

4. The Circuit Court should have found the amount to be distributed, instead of making the general order entered up.

1st: If we admit that the Circuit Court committed error in setting aside the judgment of the County Court, yet still, if the other party wished to avail himself of such error, he should not have made defence in the new trial before the Circuit Court, but he should, after taking his exceptions, have abandoned the case at that point. By going on to a second trial in the Circuit Court, he has the choice of two verdicts if he get a verdict in that court; and, according to his construction of the act of the Assembly, he may avail himself of the judgment of the County Court, and when he gains the other verdict in Circuit Court, he may avail himself of the construction given by himself, and also of that given by his adversaries, to choose the most profitable of the two, a species of gambling not allowed in a court of justice.

The act reads thus:—

"On every such appeal, the Circuit Court shall determine the points or decisions excepted to; and if it be of opinion that the County Court erred on any material question of law, or fact, a new trial shall be granted, which shall be had in the Circuit Court in the same manner, and the same order or decision shall be made as the County Court ought to have made."—See section 8, p. 63, of the Digest of 1835.

2d: In 3 Phillips' Ev., 1360, it is said, some patent ambiguities then, it appears, allow a resort to extrinsic evidence, and others do not. The latter class only seem appropriately to belong to the *ambiguitas patens* of Lord Bacon designated in the text, p. 531.

"An ambiguity is patent in this sense, when a mere perusal of the instrument shows plainly that something should be added, before the reader can determine which, of several things, is meant by it, and then the rule is inflexible, that no evidence to supply the deficiency can be admitted."

To permit William M. Davis to introduce the evidence offered by him, to prove that the deceased intended to give this sum of $750 to him, is to allow him to make a will for the deceased. For the will which he wished to establish for the deceased, as to this sum not disposed of in the written will, is to be inferred from the circumstances that the deceased died in Florida, but resided in Boone county; that the appellant was the youngest brother, a favorite, raised by the deceased; that the deceased was a bachelor, &c.; that at the time of making his will, he intended to dispose of his estate, and not leave a residue undisposed off; and lastly, he offered evidence conducing to show that the testator intended that he, the appellant, should have the residuary interest.

Now, if William M. Davis had offered to prove, by the most positive declarations of the deceased on his death-bed, that he was to have this residuum, the statute, in the clearest language, declares that the will shall be in writing. There is not in this will even the *ambiguitas patens* of Lord Bacon above-mentioned; but here is an entire defect of evidence in the will, as to the intention of the testator to make any disposition of the sum of money above-mentioned.

3d: The third error assigned must share the fate of the second, for it appears on the record, that the foundation of the claim of the appellant is the will which, on its face, shows, as it seems to this Court, that the claim of the appellant is groundless.

4th: The eighth section of the eighth article of the act concerning executors and administrators, which was above recited, directs the same order or decision to be made by the Circuit Court, on appeal, which the County Court ought to have made. The sufficiency of this will, and the extrinsic evidence offered to support the claim of Davis, to the property undisposed of by the testator, was the matter decided on in the County Court, and the duty of the Circuit Court was, to decide the same matter on this appeal, and nothing more was to be decided by it. It not appearing that the Circuit Court has committed any of the errors assigned, its judgment is affirmed.

NAPTON, *Judge.*—I concur in affirming the judgment, but give no opinion as to the proper course to be pursued by a party wishing to avail himself of the error of the Circuit judge, in granting a new trial to his adversary.