## SAMUEL ET AL. *vs.* MORTON.

The decision in Davis *vs.* Davis, (*ante*, 56,) that where a party wishes to avail himself of the error of the Circuit Court, in granting a new trial, he must tender a bill of exceptions, and abandon the case at that point adhered to.

ERROR to the Circuit Court of Platte County.

THOMAS *and* BALDWIN, *for Plaintiffs in Error.*

The Circuit Court erred:

1st. In granting the defendant a new trial. We contend, that I. S. Thomas was a competent witness for the plaintiffs, and that he had not such an interest in the event of the suit as would exclude his testimony. (See 1 Starkie's Ev., 104, 113, note *t*; "Principal and Agent," by Hammond, p. 318, 319.) And, even admitting that he was interested, the law allows him to be a witness from necessity. (1 Starkie's Ev., 113, note *t*, 121.)

2d. The court erred in refusing to grant the plaintiffs a new trial, as the verdict of the last jury was clearly contrary to the evidence, and the instructions of the court.

HICKMAN, *for Defendant in Error.*

1. The Circuit Court committed no error in granting defendant, Morton, a new trial after the first verdict; but, admitting that the court may have erred in this, the plaintiffs should then have rested their case: failing to do so, and having gone into the second and third trials, it is too late now to take any advantage of any error committed in granting such new trial.—See 8 Mo. Rep., 56, 136.

2. A settlement will not be opened without the most certain evidence of fraud or mistake.—1 J. J. Marshall, 508.

3. The possession of a note by the maker thereof, raises the legal presumption that it is paid; and to overcome this presumption, there must, at least, be something more than a mere preponderance of evidence.—See 3 Starkie, 1089, and authorities cited.

The Supreme Court will not interfere with the verdict of a jury, and direct a new trial, unless such verdict is clearly against evidence.—3 Mo. Rep., 326; 4 Mo. Rep., 295; 5 Mo. Rep., 489, 529; 6 Mo. Rep., 61.

TOMPKINS, J., *delivered the opinion of the Court.*

This suit was brought by George W. Samuel et al., against Benjamin R. Morton, before a justice of the peace, and the judgment of the justice was in favor

of the defendant, Morton. From this judgment of the justice, Samuel appealed to the Circuit Court of that county.

The cause being removed to the Circuit Court, the plaintiffs, Samuel et al., had a judgment rendered in their favor.

The Circuit Court, on the motion of the defendant, granted a new trial. On the second trial, the defendant obtained a judgment in his favor.

On the trial of the cause, the following testimony appears, from the bill of exceptions, to have been before the jury:—James S. Thomas, a witness, stated, that some time in the beginning of the year 1841, the plaintiffs placed in the hands of the witness, for collection, a note or bond against the defendant and one Michael Byrd, for $600, dated some time about the middle of June, 1839, and due some time in the fall of the year 1841, with interest from the date at the rate of ten per centum per annum; that the defendant made several payments along in the summer and fall of 1841, which were credited on the note or bond; the last payment was made in September, 1841, when the defendant paid to the witness the balance of the principal and interest, as the witness then thought, and he gave up the note or bond to the defendant, who took it away with him; that nothing more was said betwixt the witness and defendant about the debt until some time in January or February, 1842, when the witness was told by one of the plaintiffs, whilst making a settlement with him, and whilst the plaintiff was making the entry in his books of the moneys received by the witness, that he (the witness) had made a mistake, and had not received enough interest, having received only $68 19-100 interest. The witness, then, referring to the books of the plaintiff, found that, according to the books, he had made a mistake of one year's interest. The witness mentioned the mistake to the defendant, who admitted the date of the note, and that it bore ten per cent. interest per year from the date, but stated that the note was lost, and not admitting the mistake charged by the witness. This witness, on a cross-examination, stated, that on a former trial, it is very probable, though he is not certain, he testified, that whilst he was calculating the interest on the bond or note, the defendant called his attention to a mistake in the defendant's favor of ten or twelve dollars.

The defendant then produced two witnesses, who testified, that, on a former trial of this cause, they had heard the witness for plaintiff, whilst testifying, state, that the defendant had called his attention to a mistake, made by him in the defendant's favor, of ten or twelve dollars.

This was all the evidence given on this trial, but on the former trial much other evidence was given, and as the history of both trials before the Circuit Court is sent up on this record, the counsel for the plaintiff has thought proper, on the last trial, to pray instructions, based not only on the evidence given on the last trial, but also instructions based on the evidence given on the first trial, but not given on the last; all of which, however, were given.

Other instructions were given by the court, at the prayer of the defendant, and exceptions were taken; but as the appellants, in their assignment of errors, confine themselves to the errors charged to have been committed by the court—

1st, In granting the defendant a new trial;

2d, In overruling the plaintiff's motion to set aside the last verdict because it was against the evidence in the case, and in refusing to grant the plaintiff a new trial,—the instructions given for the defendant will be passed over without notice.

1. In Davis *vs.* Davis, 8 Mo. Rep., 56, it was decided, that where the Circuit Court improperly grants a new trial, and the party complaining wishes to avail himself of the error committed by the court, he should tender his bill of exceptions, and abandon his case at that point. As it was the plaintiff here who was dissatisfied, he might have suffered a nonsuit after the court had decided against him, and then have moved to set it aside for reasons properly preserved in a bill of exceptions: but he did not elect this method, and has chosen to await the issue of another trial; if that had have been successful for him, nothing more would have been heard of the errors now charged to have been committed by the court in setting aside the first verdict, and granting the new trial: but, having the choice of two remedies, he has elected one; he has tried the cause the second time in the Circuit Court, and the judgment of that court being given against him, it must stand, unless some error appears on the record. This brings us to the second error assigned.

2. Was the verdict in the case against the evidence given? It does not appear that any evidence offered by the plaintiff was excluded by the Circuit Court; he abandons all claim to any relief on account of the instructions given by the court, as he well might, for the court had given all he asked, and, as above observed, he had asked several for which he had laid no foundation in the evidence offered on the last trial; and the jury were left to judge, from the testimony of the plaintiff's own witness, whether all the interest on the note or bond (as it is called) has been paid. In Singleton *vs.* Man, 3 Mo. Rep., 467, (top-paging, 328,) the late Judge McGirk, delivering the opinion of the court, said: "When we see the testimony is stronger against the verdict than it is for it, still that is not any reason why we should interfere: it should strongly preponderate," &c. Again, in Oldham *vs.* Henderson, the same judge says—"As to the question whether the court ought to have granted a new trial, we are of opinion, that the court did right to refuse it. It is only in those cases where the Circuit Court clearly erred, that this Court ought to interfere," &c.—See 4 Mo. Rep., 301: to the same purpose, see Martin *vs.* Withington. In this last case, the verdict was found by the Circuit Court, sitting as a jury. (4 Mo. Rep., 521.) See, to the same purpose, Mulliken *vs.* Greer, 489, and Steel *vs.* McCutchen, 522, of 5 Mo. Rep., and Dooly and Kirtland *vs.* Jennings, 6 Mo. Rep., 61.

No relaxation of this rule has ever been allowed by this Court to the present time. In the case now before the Court, the plaintiff's witness stated, that with the note before his eyes he calculated the interest due, and surrendered the note, after receiving, as he then thought, the amount of the principal and interest; but some months afterwards, perceiving that he had not entered on his books as much to the credit of that note as he thinks he ought to have received, he is induced to believe he made a mistake against the interest of the plaintiff. But the jury had the testimony before them with instructions, which we must now regard as

636     SUPREME COURT OF MISSOURI,

not excepted to, and which were certainly as favorable to the plaintiff as to the defendant, and they have found for the defendant. "When we see," as is said in the case just above cited, (Singleton *vs.* Man) "that the testimony is stronger against the verdict than it is for it, still that is no reason why we should interfere." It does not appear in this, that "the testimony is stronger against the verdict than it is for it," But in that case it is decided, that "the testimony against the verdict should strongly preponderate." This practice of allowing an appeal from the verdict of a jury to the Supreme Court, has been so long interwoven with our course of judicial proceedings, that the Court ought not now to attempt to alter it. But it is apprehended, that it might be worthy of the wisdom of the legislative body to deliberate whether it be not proper to make a change. In the case now before the Court, no impropriety is perceived in affirming the judgment of the Circuit Court,