# LEWIS D. MARTIN & WIFE vs. SAMUEL HENLEY.

1. A party cannot be compelled to take a non-suit.
2. In order to correct an error of the circuit court in improperly granting a new trial, the party complaining should tender his bill of exceptions, and abandon the case at that point.

## ERROR TO ST. LOUIS COURT OF COMMON PLEAS.

### STATEMENT OF THE CASE.

This was an action of detinue brought by the plaintiffs to recover a negro boy.

To this the defendant filed two pleas.

1st. Non detinue.

2nd. That the negro boy was not the property of the plaintiffs.

On the trial of this cause, Mrs. Williams testified that Elizabeth Martin, one of the plaintiffs, was her grand child, and that the negro boy in question was the child of a negro girl named Eliza, a slave, which she had given to the said Ann Elizabeth, when she (Ann Elizabeth) was a little girl, in Virginia; that Eliza was deponent's own slave at the time she gave her to Ann Elizabeth; that she requested her son, Walter Williams, the father of Ann Elizabeth, to take care of Eliza until Ann should arrive at an age to require her services; that her son Walter Williams removed from Virginia to Missouri in 18*9; and the witness also removed to Missouri in 1830, and made Walter Williams' house her home; that when Walter Williams left Virginia she told him that he might bring Eliza, the mother of the boy in question, with him, to nurse one of his children, but upon the condition that Ann Elizabeth was to take her as soon as she was old enough to need her services, and with the understanding that Walter Williams should, at the proper time, deliver said negro boy to said Ann Elizabeth. Witness requested Walter Williams to have a deed drawn from her conveying said negro girl, Eliza, to said Ann Elizabeth, which he promised to do; and only a few days before his death, he promised the next time he should go to town he would have the deed prepared, but he died, and it was neglected. Mrs. Williams further testified that Walter Williams never claimed said negro girl as his property, and that she told his administrator not to inventory said girl Eliza as the property of said Walter Williams. The witness further said that she raised said Ann Elizabeth from the time she was months old.

This testimony was corroborated by the testimony of other witnesses. The defendant offered no testimony on his part.

The court then, at the instance of defendant's counsel, gave the following instructions:

"The statement of the plaintiff's witness, that he had hired out the slave sued for from the defendant, as administrator of Walter Williams, is evidence that the defendant had possession of said slave as administrator of said Williams.

"Though the jury should believe from the evidence, that Mrs. Williams prohibited the administrator of Walter Williams from taking possession of or inventorizing said slave, such prohibition does not have any effect to dispense with a demand on the part of said Elizabeth Martin or her husband."

Which were excepted to by the plaintiffs.

The plaintiffs then asked the court to instruct the jury,

1. "That if the jury believe from the evidence that Walter Williams, the defendant intestate, never claimed the negro girl Eliza, the mother of Dick, but admitted the same to belong to Elizabeth, now wife of Lewis D. Martin, and promised to deliver said slave to her, whenever required, they will find for the plaintiffs.

2. That if the jury believe from the evidence that the defendant, Samuel Henley, had a demand made on him for the negro boy Dick, by the plaintiff before the commencement of this suit, and at the time he, the defendant, induced the plaintiffs to believe he had the negro boy Dick in his possession, and thereby induced the plaintiffs to bring this suit for the same, he is liable therefor, although it shall appear he did not have the actual possession of said slave.

3. That the defendant could only acquire such title in the slave, as the intestate Walter Williams had, at the time of his death.

4. That the possession anterior to the suit in the defendant, is a sufficient possession for the action of detinue, to be maintained upon, unless said possession was taken from defendant by legal steps.

5. That if the jury find from the evidence that Henly took possession of the slave in question, and hired him out previous to the commencement of this suit, and that he is still so hired that the possession is yet in legal contemplation, in defendant.

6. That if they find from the evidence, that Eliza, the mother of the slave, was given by the grand mother to Ann Elizabeth Williams, now wife of Lewis D. Martin, and one of the plaintiffs in this suit, and that her issue was the slave in question, that said issue is as much the property of said Ann Elizabeth as was the mother of said slave in question.

7. If the jury believe from the evidence that the grand mother of Ann Elizabeth Williams, gave the mother of the slave in question to the said Ann Elizabeth in Virginia, and permitted her son Walter Williams to take the mother to Missouri, for a nurse with the express understanding that she was the property of the said Ann Elizabeth, and without limiting the time that the said Walter was to keep possession, then the said mother and her issue were the property of the said Ann Elizabeth, and she had a right to the possession as soon as Walter Williams, deceased.

8. If the jury find from the evidence that the mother of the slave in question was given to Ann Elizabeth Williams, the wife of Lewis D. Martin, and one of the plaintiffs in this suit, and that the possession of Walter Williams deceased, was a mere loan of said mother until said donee was of sufficient age to need said slave, and without any specific time agreed upon for the keeping of the said mother of the slave in question, that the plaintiff had a right to the possession at the time they demanded it, and at any time after the death of said Walter Williams.

The instructions asked for by the plaintiff were all refused, to which the plaintiffs excepted.

The cause being submitted to the jury, they found for the plaintiffs ; whereupon the defendant moved for a new trial, which was granted, to which the plaintiffs excepted, and filed their bill of exceptions, and stated that they would abide the decision of the supreme court on the point made, but would not take a voluntary non-suit.

At a subsequent term of the court, this case was called for trial, when the counsel for the plaintiffs stated that the plaintiffs intended to take the case as it stood to the supreme court, and declined going to trial, whereupon the court directed a non-suit.

A motion was made to set aside the non-suit, on the ground that the case was improperly called for trial, and because the court compelled the plaintiffs to become non-suited. This motion was overruled, and the case is brought here by writ of error.

LESLIE & LORD for plaintiffs.

1. The court erred in granting a new trial in this case. The slave for which the action was brought was proved to be the property of Mrs. Martin, and so the jury found, and their verdict should not have been disturbed.

2. The improper granting of a new trial, is error. Johnson vs. Strader, 3 Mo. R. 359 ; Hill vs. Wilkins, 4 Mo. 86 ; Martin vs. Hays, 5 Mo. 62 ; Davis vs. Davis, 8 Mo. 56 ; Samuel et al. vs. Martin, 8 Mo. 633 ; Helm vs. Bassett, 9 Mo. 52.

40

The bill of exceptions shows that he abandonded the case at the proper point, and announced an intention of coming to this court, with the case, we declined going into a new trial.

The case of Emmerson vs. Harriet, (decided since this brief was made) was decided upon the authority of Helm vs. Bassett, 9 Mo. 52, which does not necessarily overturn the established doctrine, as decided in all the other cases.

## Geyer & Dayton for defendant.

1. The judgment of non-suit (so called) now sought to be reversed, was the necessary legal consequence of the non-appearance of the plaintiffs to prosecute their suit, when called, it was neither compulsory on the plaintiffs, nor was it the necessary consequence of any erroneous decision of the court; it must therefore be regarded as a voluntary non-suit, not the subject of error. Atkinson vs. Lane, 7 Mo. Rep. 403.

2. No reason good in law nor true in fact, was assigned for the motion to set aside the judgment. It is true that the plaintiffs did at the previous term, except to the granting the new trial, *and signified* their intention to go from that point to the supreme court, and did file their bill of exceptions; but the case was nevertheless properly called for trial; there was no abandonment of the suit, though there was a promise to do so. No motion to stay proceedings; and therefore no reason why the cause should not be called for trial, or why the plaintiffs should stand mute when called. The only other reason assigned on the motion is not true in fact; it may be that the counsel of the plaintiffs *was* present, but that the court forced them to take a non-suit, is contradicted by the record.

3. The award of a new trial, if the subject of review in any case is not properly before the court in this. There was no motion or application in any form for judgment on the verdict, nor did the plaintiffs abandon the cause. He promised to do so, but continued to prosecute the action until the moment of trial, when (for ought that appears) other causes intervening, rendering it unsafe to proceed, the counsel of the plaintiffs refused to answer. Davis vs. Davis, 8 Mo, R. 56. The case of Helm vs. Bassett, 9 Mo. R. settles the point that the granting of a new trial, cannot be assigned for error. Emerson vs. Harriet, 11 Mo. R. 413.

There is nothing in the facts of the case to justify a reversal of the judgment on account of the award of a new trial. It is by no means clear that the plaintiffs were entitled to the possession of the slave Dick. Although it appears that Dick was the son of the slave given by Mrs. Williams to the plaintiff Elizabeth, it does not appear whether he was born before or after the gift. The testimony, therefore leaves the title in doubt. Besides, in the most favorable view of the case for the plaintiffs, there was no possession in the defendant at any time after the right of the plaintiffs accrued. According to the terms of the gift, the right of possession was in the defendant's intestate at the time of his death, and in the defendant afterwards until demand; and before the demand was made the possession passed out of the defendant, in obedience to an order of a competent tribunal. This disposes of the second count, which proceeds upon the ground, that the slave was unlawfully detained by defendant after the plaintiffs right of action accrued, and there is no pretence of a bailment alleged in the first count.

The gist of the action is the wrongful detainer. Miller vs. McDonald, 2 Mo. R. 45; Charles vs. Elliott, 4 D. & B. 468 Although detinue may be maintained against a person who has held possession, but has parted with it before the date of the writ, yet it is incumbent on the plaintiff to show either actual possession at the date of the writ, or a general control over the property, or that he parted with the possession voluntarily. 4 D. & B. 468. Where the defendant has been lawfully dispossessed or was divested of the possession by due course of law. Lowry vs. Houston, 3 H. Miss. 394; Lynch vs. Thomas, 3d Leigh 682. The action will not lie against an administrator, who has come into possession of slaves, and sold them in due course of law. Ford vs. Caldwell, 3 Hill sec. 6, 242.

NAPTON, J., delivered the opinion of the court.

As the course pursued by the plaintiffs counsel in this case was in accordance with a suggestion made in a previous decision of this court, we have thought it would best subserve the purposes of justice to reverse the judgment of non-suit and order a new trial. Without, therefore, intending to interfere with the discretion of the circuit court or court of common pleas in granting new trials (for the first time,) we shall make this order in this case. Judgment reversed and case remanded.

