BANKSTON'S ADMINISTRATOR, Respondent, v. FARRIS, Appellant.

1. The facts constituting the cause of action and the kind of relief sought should be set forth in the petition with precision.
2. In a case for the jury it is not proper to direct any fact to be put in issue. The issues in such cases are made by the pleadings and they should be submitted to the jury as thus made.

*Appeal from Morgan Circuit Court.*

*Gardenhire*, for appellant.

I. There was no proof whatever *tending* to show that the slave Grace was assigned to Mrs. Farris as dower in the slaves of her first husband. The first and fifth instructions asked by appellant ought to have been given. They were in the nature of a demurrer to the evidence. The instructions given for plaintiff assume that there was such evidence and are therefore wrong.

*Morrow*, for respondent.

I. The marriage between Daniel Bankston, the elder, and his wife, the mother and father of Daniel Bankston, the younger, was sufficiently proved, as was the heirship of Daniel Bankston, the younger. (2 Phillips on Evidence, 286.)

II. The administrator of Daniel Bankston, jr., deceased, was the proper person to sue. (19 Mo. 9.)

III. Dower may be assigned to a widow by consent as well as by process of law, as was done in this case.

IV. The proof shows that the instructions given for plaintiff and those refused to the defendant were properly given and refused, and that the verdict is not for too much.

Scott, Judge, delivered the opinion of the court.

This is a very plain case as it appears by the record. All the difficulties which now surround it have grown out of the conduct of the suit. In the first place it is difficult to ascertain on what ground the suit is based, or, in other words, the precise remedy the party had in view when his petition was drawn. If he went for a partition of the slaves, it is obvious that the verdict and judgment are not appropriate to such a proceeding. Were the damages found the value of the interest of the plaintiff in all the slaves, or only the value of the slaves that were sold with the hires and profits of all the slaves? On the latter supposition the cause is improperly here, for the suit as to the rest of the slaves is still pending and undetermined in the court below. If this was regarded as a suit in partition, a jury could not make it. By the common law an action would not lie to compel partition among the joint owners of a chattel. (Gudgell v. Mead, 8 Mo. 53.) The statute, since that opinion was delivered, has given a remedy to compel partition. Why did not the plaintiff proceed under the statute if he thought partition was his appropriate remedy? If partition was not the remedy by reason of the denial of the tenancy in common by the defendant, why

did he not bring an action in the nature of trover and recover damages for the conversion of his interest ?

As the case now stands it is difficult for us to see whether this was a suit to be tried, under the act of 1849, by the court or by a jury. Unless the court will compel the plaintiff to state specifically the object of his action, and have his petition amended, if necessary, in order to show what is his aim, it will be out of its power to know how the cause shall be tried. If the action is for one thing, it must be tried by the court; if for another, it must be tried by a jury. In a case for a jury, it it is not proper that the court should direct any fact to be put in issue. The issues in such cases are made by the pleadings, and they are submitted to the jury just as they stand on the petition, answer and replication. The interest of the plaintiff seems to require that this judgment should be reversed, as it does not appear but that a portion of his rights have been overlooked in the proceedings in the court below.

The third instruction given for the plaintiff directed the jury to find for him if the intestate of the plaintiff was the son and heir at law of Daniel Bankston, sr.; that the plaintiff was his administrator; that Grace was the property of Daniel Bankston, sr., and gave birth to the children in the petition mentioned whilst in the possession of the defendant. This instruction throws out of view all considerations of the nature and duration of the interest of the defendant in the slaves, and takes the attention of the jury from the main fact in the case, which was whether the slaves claimed were dower property in the hands of the defendant. Although other instructions might have directed the attention of the jury to that fact, yet the pointed language of the third instruction would convey the idea that a verdict might be found upon the state of facts therein supposed, making it thereby inconsistent with the other instructions.

We are of opinion that there was ample evidence, in relation to the property of the plaintiff in the slaves, to be submitted to the jury. Judgment reversed and cause remanded; Judge Napton concurring.