.CHARLES H. BLANCHARD, Respondent, *v.* ABRAHAM F.
WOLFF, Appellant.

November 6, 1878.

Where a new trial is improperly ordered, the party objecting may save his
exception and stand upon his rights by refusing further to proceed in the
trial court.   Having done this, his objections against the order will be
heard on appeal or writ of error.

APPEAL from St. Louis Circuit Court.
*Reversed, and judgment.*

MARSHALL & BARCLAY, for appellant, cited: *Martin* v.
*Henley*, 13 Mo. 312; *Norvell* v. *Porter*, 62 Mo. 310; *Brady*
v. *Connelly*, 52 Mo. 19; *Carver* v. *Thornhill*, 53 Mo. 283;
*Lancaster* v. *Insurance Co.*, 62 Mo. 127.

J. S. GARLAND, for respondent, cited: *Helm* v. *Bassett*,
9 Mo. 52; *Brill* v. *Meek*, 20 Mo. 358; *Gilstrap* v. *Felts*,
50 Mo. 428; Hill. on New Tr. 649.

LEWIS, P. J., delivered the opinion of the court.
This suit was instituted in November, 1872, for an

alleged unlawful conversion of personal property. Issues were made up upon petition, answer, and reply; and the cause coming on for trial before a jury, the plaintiff, at the close of his testimony, took a nonsuit, with leave to move to set the same aside. The bill of exceptions states as follows: "The plaintiff, within three days after taking the nonsuit aforesaid, filed a motion to set the same aside and for a new trial; which motion the court thereafter overruled." The motion is not set out, nor does any other entry relating to it appear in the bill of exceptions. The plaintiff appealed to General Term, where judgment of Special Term was reversed. The defendant thereupon appealed to the Court of Appeals, whose action on the case is reported in 1 Mo. App. 520. This court, upon an examination of the statute authorizing appeals from reversals by the General Term, found the appeal premature, and sent the case back to the Circuit Court for further proceedings and final judgment. The defendant, having duly saved his exceptions to the action of the General Term, refused further to appear in the Circuit Court. In May, 1877, an *ex parte* hearing was had in Special Term, when plaintiff obtained a judgment; from which the defendant has appealed to this court.

That the action of the General Term in reversing the judgment of Special Term was erroneous is not open to question. As an appellate tribunal, it had no authority to review the ruling of the court below upon a motion which did not appear in the bill of exceptions, and to which ruling no exception had been saved by the party appealing. This erroneous reversal was, in effect, the granting of a new trial. The question now to be determined is, whether the improper granting of a new trial can be assigned for error, on appeal or writ of error.

In *Helm* v. *Bassett*, 9 Mo. 52, Scott, J., said: "There is an obvious distinction between granting a new trial and the refusal of one. By granting a new trial the cause is kept

open, another opportunity is afforded for an investigation of its merits, and the injury, if any, is that merely of delay ; whereas, on the other hand, the refusal of a new trial precludes a party from all redress in future, and the injury committed is irreparable. The injury resulting from the granting a new trial is like that caused by allowing the continuance of a cause.. The law has that degree of confidence in its own administration that it contemplates that he who is entitled to a verdict in a cause at one time will obtain it at another ; and the contrary idea goes upon the supposition that a trial by jury is a game of chance, and he who is once successful has no assurance that at the next throw of the dice he may not prove altogether a loser. * * * If a new trial is granted in a cause, and then a second verdict, and the appellate court is entirely satisfied with it, although it may be of opinion that the inferior court improperly exercised its discretion in granting a second trial, yet, as that act has been the means of doing complete justice between the parties on the merits, why should it be objected to for error? * * * There is no error complained of in the proceedings on the last trial, but the record of it is only used as a means of correcting an alleged error committed on another occasion, which does not at all affect its justice or its merits.'' We have copied thus at length because the language is not merely authoritative, but seems an admirable summary of all that can be said against the admissibility of appellate review of an order granting a new trial.

It must be observed, however, that in that case the plaintiff, who objected to the new trial, had gone into the second trial as fully as into the first. The parties had again met on an equal footing, and again contested all the matters in issue. It is by no means clear that the able reasoning of Judge Scott would have been applied, even by himself, to a case like the one before us.

In *Johnson* v. *Strader*, 3 Mo. 355, and in *Hill* v. *Wil-*

*kins*, 4 Mo. 86, it was held that the improper granting of a new trial was assignable for error. In *Davis* v. *Davis*, 8 Mo. 56, it was declared that if a party wished to avail himself of error committed in granting a new trial, " he should not have made defence in the new trial before the Circuit Court, but he should, after taking his exceptions, have abandoned the case at that point." Said the court, further : " By going on to a second trial in the Circuit Court, he has the choice of two verdicts if he get a verdict in that court. * * * He may avail himself of the construction given by himself, and also of that given by his adversaries, to choose the most profitable of the two ; a species of gambling not allowed in a court of justice." Here was a foreshadowing of the doctrine afterwards declared by Judge Scott in *Helm* v. *Bassett,* while the distinction was clearly drawn between the case of a party who abandons the litigation when a new trial is improperly allowed, and that of him who accepts the issue newly tendered and takes all the chances in its result. In this case, Judge Napton declined giving any opinion as to the proper course to be pursued by a party under the circumstances stated. Judge Scott, however, appears to have concurred in the opinion as delivered. Five years after the decision of *Helm* v. *Bassett*, in *Martin* v. *Henley*, 13 Mo. 312, the plaintiff had acted upon the suggestion of the Supreme Court in *Davis* v. *Davis*, abandoning his case after saving his exceptions to the granting of a new trial. Judge Napton delivered the opinion, reversing the judgment upon the special ground that the losing party had acted upon the suggestion above mentioned. So far, there is no distinct repudiation of the suggestion in *Davis* v. *Davis*. The most that can be said is that there may possibly have been a lingering doubt of its propriety, but such a doubt was never clearly avowed. Yet more recently, in *Gilstrap* v. *Felts*, 50 Mo. 428, the plaintiff having obtained judgment, a motion in arrest was sustained and a new trial granted,

and in the second trial the defendant recovered judgment, both parties having appeared and contended as before. The Supreme Court held that the arrest of judgment and the granting of a new trial were improper, and done upon no sufficient grounds. Said Bliss, J., delivering the opinion: " But this action of the court, although erroneous, cannot now be taken advantage of. When the judgment was arrested and a new trial ordered, the plaintiff should have refused to proceed further, and should have demanded final judgment against him, to enable him to bring up the case. He will not be permitted to seek a new judgment, and, if dissatisfied with it, fall back upon the old." Here is a revival of the suggestion in *Davis* v. *Davis*, coupled with the doctrine in *Helm* v. *Bassett*, as applied to the case of a party who appears and contends at the second trial.

Upon the whole, it would appear that the leaning, if any, of our Supreme Court, is in favor of the rule that where a new trial is improperly ordered, the party objecting may save his exception and stand upon his rights by refusing further to proceed in the trial court. Having done this, his objections against the order will be heard on appeal or writ of error.

The rule thus stated appears, in our view, to be conformable with justice and with the spirit of our system of jurisprudence. When, after a just and fair observance of all legal forms and requirements, and a proper administration of the law by court and jury, a party has obtained a judgment, it is his right to enjoy its fruits. If the trial court, by an erroneous action, deprives him of this right, it is the especial business of the appellate court to restore to him what he has lost. Otherwise there will be an injury without redress. It will not do to say that *mandamus* may afford a remedy; for, upon the theory that he who is entitled to a verdict at one time will obtain it at another, it could not be proper to interfere by *mandamus*, in derogation of the law's confidence in its own administration. De-

lay in administering justice is an evil to be always avoided. Continuances must be tolerated, not because there is no hardship on the party desiring an immediate trial, but because of the possibility of a greater hardship on the opposite side. Every delay involves the risk of the loss of important testimony, by the death of witnesses or otherwise. There would seem to be a clear distinction between imposing such a risk on one whose rights are yet to be ascertained, and compelling one to take it anew after he has fairly established his claim to a recovery. The party who excepts to the granting of a new trial, and then abandons his case, stakes all his chances upon the erroneousness of that ruling. If he is in the right, the appellate court should sustain him, both for present justice and for a precedent against future tampering with verdicts fairly obtained.

The judgment of the Circuit Court will be reversed, and, as the only means of restoring the parties to the position they occupied before the erroneous ruling of the General Term, judgment will here be entered in favor of the defendant, as in case of a nonsuit. All the judges concur.