Preston JONES, et al., Appellants,

v.

**COLUMBIA MUTUAL INSURANCE COMPANY, Respondent.**

No. WD 32360.

Missouri Court of Appeals, Western District.

June 15, 1982.

---

H. Wilson Gray, St. Louis, for appellants.

Jeffrey O. Parshall, Columbia, for respondent.

Before KENNEDY, P. J., and CLARK and MANFORD, JJ.

KENNEDY, Presiding Judge.

Plaintiffs appeal from a judgment for defendant Columbia Mutual Insurance Company based upon a jury verdict, both upon plaintiffs' petition and defendant's counterclaim. Plaintiffs sought to recover the amount of a fire loss under an insurance policy issued by defendant. Defendant defended on the ground of alleged arson by the plaintiffs and alleged misrepresentations of the plaintiffs in applying for the policy, and also counterclaimed for monies paid by it under the policy to a mortgagee.

The ground for plaintiffs' appeal is that the court should have limited the trial of the case to the issue of damages, and that the trial should not have included the issue of liability. This argument of the plaintiffs is based upon the following facts:

In an earlier trial of the case, the verdict and judgment had gone for the plaintiffs. The trial court had granted defendant's motion for a new trial on the stated ground that an incorrect damage instruction had been given. The actual language of the order is: "Defendant's motion for a new trial sustained because of error in giving Instruction 4." The erroneous instruction was patterned after MAI 4.01, whereas it should correctly have been patterned after MAI 4.02. *State ex rel. State Highway Comm'n v. Beaty*, 505 S.W.2d 147 (Mo.App. 1974); *DeArmon v. City of St. Louis*, 525 S.W.2d 795 (Mo.App.1975); *Ogle v. Terminal R.R. Ass'n of St. Louis*, 534 S.W.2d 809 (Mo.App.1976).

Plaintiffs may be claiming that the court's order sustaining the motion for a new trial granted a new trial on the issue of damages only and that the court, in trying the case upon all issues, misinterpreted its earlier order.[1] The only argument that could be made for that interpretation of the new trial order is that the court's intention to limit the new trial to the damage issue appears from his assigning the erroneous damage instruction as the reason for granting the new trial.

■ If that is what the appellant claims, we reject the argument. If the court had intended the new trial to be confined to the issue of damages only, he could and should have said as much in his order. His assigning an erroneous damage instruction as the reason for granting a new trial does not of itself indicate a purpose to limit the new trial to the damage issue. A trial court may in his discretion grant a new trial on all issues, even though the assigned reason for the new trial may be an erroneous damage instruction, excessiveness of verdict or the like. *Dietrich v. Cape Brewery & Ice Co.*, 315 Mo. 507, 286 S.W. 38, 39 (1926); *Thomas v. Durham Motors, Inc.*, 389 S.W.2d 412, 416[9–10] (Mo.App.1965).

That the court and all the parties interpreted the order for a new trial as ordering a new trial on all issues is plain from the fact that the trial proceeded without any protest from the plaintiffs. No question was raised about the scope of the second trial until plaintiffs' motion for a new trial after the second trial.

■ If it is plaintiffs' position that the trial court's new trial order did grant a new trial on all issues, but erroneously so, and that it *should have* ordered a new trial on the issues of damages only, that argument must fail, too. Plaintiffs did not appeal from the order granting the new trial, as they might have done, § 512.020, RSMo 1978; *Fulton v. Bailey*, 413 S.W.2d 514 (Mo.

---

1. The plaintiffs' point in his brief reads as follows: "The court abused its discretion in ordering the case retried on all issues after having issued its order overruling the defendant's mo-

tion for judgment notwithstanding the verdict and having sustained the defendant's motion for a new trial because of error in giving Instruction 4."

1967); *Bubke v. Allied Building Credits, Inc.,* 380 S.W.2d 516 (Mo.App.1964). They instead proceeded with the new trial on all issues without objection. It is too late after a disappointing result in the second trial to complain of the order granting a new trial.

Judgment affirmed.

All concur.