In re the MARRIAGE OF Margaret Ann NEAL and Neville Ross Neal,

**Margaret Ann Neal, Petitioner-Respondent,**

**and**

**Neville Ross Neal, Respondent-Appellant.**

No. 14198.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 12, 1985.

Motion for Rehearing or Transfer to Supreme Court Denied Sept. 24, 1985.

Application to Transfer Denied Nov. 21, 1985.

Robert B. Hankins, Springfield, for petitioner-respondent.

Loren R. Honecker, Sherwood, Honecker & Bender, Springfield, for respondent-appellant.

PREWITT, Chief Judge.

Neville Ross Neal appeals from a dissolution of marriage decree. He contends that the trial court lacked jurisdiction to enter the decree because a prior dissolution decree had become final.

On January 18, 1983 respondent Margaret Ann Neal filed a petition for dissolution of marriage. On June 8, 1983 the parties signed a property settlement agreement. It purported to settle the property rights of the parties. After a hearing the trial court entered a decree on July 20, 1983, dissolving the marriage.* That decree incorporated the terms of the settlement agreement.

Respondent filed a motion for new trial on August 2, 1983, and an amended motion for new trial on August 11, 1983. On September 9, 1983 the trial court sustained the "Amended Motion for New Trial" and vacated the previous decree. No appeal was taken from this order.

After an evidentiary hearing before a different trial judge, a decree of dissolution was entered on February 13, 1985 awarding more assets to respondent than did the initial decree. Appellant contends that the court had no jurisdiction to enter the second decree because the original decree had become final. He asserts that the trial court's order granting the new trial was void because it was granted on the amended motion for new trial, which motion was a nullity because it was untimely filed. As far as the record before us reveals this contention was not presented to the trial court.

■ As appellant states, a motion for new trial must be filed within fifteen days after entry of the judgment, Rule 73.-01(a)(3), and a motion for new trial filed after that time is a nullity. *Lloyd v. Garren*, 366 S.W.2d 341, 344 (Mo.1963). See also *Morgan v. Wartenbee*, 569 S.W.2d 391, 396 (Mo.App.1978) (motion for new trial cannot be validly amended after time period for its filing expires).

Numerous cases state that when thirty days have passed following the entry of a judgment, the trial court's "jurisdiction" to grant a new trial is limited to one of the grounds in a timely motion for new trial. Some of the recent cases so indicating include *Munn v. Garrett*, 666 S.W.2d 37, 39 (Mo.App.1984); *Colley v. Tipton*, 657

---

* The trial judge who entered that decree was not the trial judge who entered the decree appealed from.

S.W.2d 268, 271 (Mo.App.1983); and *Stretch v. State Farm Mutual Automobile Insurance Co.*, 645 S.W.2d 729, 731–732 (Mo.App.1983) (order granting a new trial made more than thirty days after the entry of judgment for reasons not stated in motion for new trial is void).

In those cases, and in others we have examined making similar statements, the issue was whether the order granting a new trial was erroneous, not if the order was void. The cases were direct appeals from the order granting a new trial. Although some of the language used in those opinions may be inconsistent with the holding here, the results of those cases are not inconsistent with the result reached in this case.

■ Jurisdiction has many meanings depending upon the context used. As often used, lack of "jurisdiction" does not make an order void, but rather voidable. "Jurisdiction" is a loosely employed term but generally it includes three kinds of authority, over the subject matter, over the person, and to render the order given. *Farrar v. Moore*, 416 S.W.2d 711, 713 (Mo.App. 1967). See also *Jennings v. State*, 631 S.W.2d 361, 363 (Mo.App.1982).

■ "Jurisdiction" is often used ambiguously; in its stricter sense, it means judicial authority over the subject matter and parties; in its broader sense, it includes the power to grant specific relief in cases within such authority. *Lake Wauwanoka, Inc. v. Spain*, 622 S.W.2d 309, 314 (Mo.App. 1981). For a discussion of the term "jurisdiction" where prohibition is sought see Note, The Writ of Prohibition in Missouri, 1972 Wash.U.L.Q. 511, 520–526.

■ For an order to be collaterally attacked for lack of jurisdiction, the absence of jurisdiction claimed must be of a type that causes the order to be void and not of the type which could have been raised by timely objection but otherwise is waived. *Jennings v. State*, supra, 631 S.W.2d at 363. See also *Ringeisen v. Insulation Services, Inc.*, 539 S.W.2d 621, 626 (Mo.App. 1976).

■ Lack of subject matter jurisdiction or lack of personal jurisdiction is a defect which the law seeks to prevent the defendant from conceding or waiving, and collateral attacks and multiple appeals are sometimes allowed where such a defect occurs. *State ex rel. Missouri Pacific Railroad v. Moss*, 531 S.W.2d 82, 84 (Mo. App.1975). "Subject matter jurisdiction" is authority to determine the general question involved; if a petition states a case belonging to a general class over which the authority of the court extends, that court has "subject matter jurisdiction". *In re Marriage of Panich*, 672 S.W.2d 718, 720 (Mo. App.1984). It is not questioned here that there was subject matter jurisdiction and jurisdiction over the appellant.

■ When a court has jurisdiction over the subject matter and person it is difficult to distinguish acts in excess of jurisdiction from mere error or abuse of discretion. *Moss*, supra, 531 S.W.2d at 84. Where a trial judge has jurisdiction over the person and subject matter and jurisdiction to enter the order complained of, that the order is erroneous does not establish that there was a lack of jurisdiction. *Id.* 531 S.W.2d at 84–85.

■ Where the subject matter of the litigation is within the general jurisdiction of the trial court, the claim of want of jurisdiction by reason of the existence of exceptional or special circumstances can be waived if not timely raised. *People ex rel. Person v. Miller*, 56 Ill.App.3d 450, 13 Ill. Dec. 920, 926, 371 N.E.2d 1012, 1018 (1977). See also *State ex rel. Sacks Bros. Loan Co. v. DeBard*, 177 Ind.App. 679, 381 N.E.2d 119, 120 (1978).

■ The trial court's reason for granting the new trial does not affect the authority it had to enter the order. The order was granted within the ninety day period following the filing of the timely motion for new trial. During that period the trial court could have properly granted a new trial on any meritorious ground preserved in the timely motion for new trial. That the trial court may have granted the new

trial for a reason not stated in the timely motion for new trial does not mean that the trial court's order was subject to collateral attack. If appellant wished to complain of that order a timely appeal should have been entered.

 A party may appeal "from any order granting a new trial". § 512.020, RSMo 1978; *Jones v. Columbia Mutual Insurance Co.*, 636 S.W.2d 132, 133 (Mo. App.1982). Not having done so, it is too late after a disappointing result in the second trial to complain of the order granting a new trial. *Id.*, 636 S.W.2d at 134. See also *Helm v. Bassett*, 9 Mo. 52 (1845); *Samuel v. Morton*, 8 Mo. 633, 635 (1844); *Davis v. Davis*, 8 Mo. 56, 58 (1843) (to allow a party "to choose the most profitable of the two, [judgments is] a species of gambling not allowed in a court of justice").

The judgment is affirmed.

HOGAN, P.J., and MAUS and CROW, JJ., concur.