724

Paul W. BERRY and Norma F. Berry,
Plaintiffs-Appellants,

v.

Reginald CROUSE and Dorothy B. Crouse,
Defendants-Respondents.

No. 31437.

St. Louis Court of Appeals.

Missouri.

Sept. 17, 1963.

Tenney, Dahman & Smith, Edward H. Tenney, Jr., Robert L. Smith, St. Louis, for appellants.

Gray & Jeans, Charles E. Gray, St. Louis, for respondents.

BRADY, Commissioner.

This is an action to recover the payments made upon a farm which the plaintiffs al- leged they purchased from the defendants under an instrument which they contend to be a contract of sale. A jury being waived, trial was to the court which entered judg- ment for the defendants on August 8, 1962. This appeal followed.

Plaintiffs alleged that they paid the de- fendants a total of $14,350.00 at different times during 1956 and 1957; that in Decem- ber 1957 the defendants notified the plain- tiffs that they were in default and threat- ened eviction proceedings whereupon plain- tiffs demanded a return of the payments made. The prayer of the petition was for " * * * judgment against defendants in the sum of $14,350.00, together with interest thereon from January 1, 1958, together with their costs herein." The defendants denied that this instrument was a contract of sale and contended that the rights of the parties were governed by another instrument of even date and executed by the same parties which the defendants contend is a "Farm Lease." Under the lease agreement as it is construed by the defendants, the plaintiffs were granted an option to purchase the property providing they complied with the rental and other provisions. In the event of any default as to any of the provisions of this "Farm Lease," all the payments made were to be retained by the defendants. The defendants contend the plaintiffs failed to pay the rental installments as required by this agreement and therefore the payments need not be refunded.

■■ This court does not have jurisdic- tion of appeals in cases where the amount in dispute, exclusive of costs exceeds the sum of $15,000.00 Art. 5, Secs. 3 and 13, Constitution of Missouri, 1945, V.A.M.S.; Sec. 477.040, RSMo 1959, V.A.M.S. When interest is considered in determining the jurisdictional amount, only that interest prior to the date of judgment is to be added to the principal. Beckemeir v. Baessler, et al., Mo.App., 261 S.W.2d 511, and cases therein cited. In the instant case the date of demand is stated in the petition as Janu- ary 1, 1958 and the date of judgment ap-

pears from the transcript as August 8, 1962. It follows that the amount in dispute is the principal sum of $14,350.00 plus interest at the rate of 6% (Sec. 408.020, RSMo 1959 V.A.M.S.) for 4 years, 7 months and 7 days. The interest for this period amounts to $3,962.91. The amount in dispute therefore totals $18,316.91. This sum exceeds the monetary jurisdictional limits of this court.

This cause should be transferred to the Supreme Court. The Commissioner so recommends.

PER CURIAM.

The foregoing opinion of BRADY, C., is adopted as the opinion of this court. This cause is transferred to the Supreme Court.

RUDDY, P. J., WOLFE, J., and WILLIAM M. KIMBERLIN, Special Judge, concur.