**Craig WELLS et al., Plaintiffs-Respondents,**

**v.**

**STATE HIGHWAY COMMISSION of Missouri, Defendant-Appellant.**

**No. 33955.**

St. Louis Court of Appeals,
Missouri.

Oct. 26, 1971.

Robert L. Hyder, Chief Counsel, Jefferson City, Paul R. Ferber, Thomas H. Pearson, Asst. Counsels, Kirkwood, for defendant-appellant.

Nations & Yocum, Leonard R. Yocum, Clayton, for plaintiffs-respondents.

WEIER, Commissioner.

This is a suit for damages brought by plaintiff landowners against the State Highway Commission because of an alleged silting of plaintiffs' pond during the course of highway construction. Upon trial in the lower court, the jury returned a verdict in favor of plaintiffs Wells in the amount of $11,000.00. To this the trial court, referring to Section 523.045, R.S. Mo.1969, V.A.M.S., added interest in the sum of $4,235.00, computed at six per centum per annum on a period from January 1, 1964 to June 1, 1970, the time that followed the alleged damages down to time of judgment. Such interest has been characterized as damages in the nature of interest for delay in payment of compensation. St. Louis Housing Authority v. Magafas, Mo., 324 S.W.2d 697, 699[2]. It was incorporated in the judgment by the court and as such is a part of the judgment itself, not interest on and following the

judgment. As such it becomes a part of the amount in dispute. Interest which is prior to date of judgment is added to the principal sum and is considered in determining the jurisdictional amount. Berry v. Crouse, Mo.App., 370 S.W.2d 724[2]; Jenkins v. Meyer, Mo., 380 S.W.2d 315, 317[1]. Thus the amount in controversy as to the Wells judgment totalled $15,235.00, a sum in excess of our jurisdiction of $15,000.00 at the time of filing the amended notice of appeal on August 13, 1970. H.B. 34, Laws 1969, Third Extra Session, p. 110, increased our jurisdiction from $15,000.00 to $30,000.00 but provided that the Supreme Court would continue to have exclusive jurisdiction in those cases where notices of appeal had been filed in the trial court before the effective date of the act, towit: September 11, 1970.

■ Plaintiffs Crowder obtained a verdict for $3,000.00 against the defendant, to which the court added $1,155.00 interest at time of judgment, to total $4,155.00. Although this judgment is not in excess of our jurisdiction, it arose out of the same facts, was a part of the same action, tried at the same time as the Wells claim and judgment was appealed by defendant in the same notice. Under such circumstances it will be considered consolidated with the appeal from the larger judgment which vests jurisdiction in the Supreme Court. McComb v. Vaughn, 358 Mo. 951, 218 S.W.2d 548; Barnard v. Murphy, Mo., 365 S.W.2d 614.

Since the amount in dispute exceeds that allotted to us for our consideration, jurisdiction is in the Supreme Court of Missouri. The case is therefore transferred to that court.

PER CURIAM:

The foregoing opinion by WEIER, C., is adopted as the opinion of this Court. Accordingly, the case is transferred to the Supreme Court of Missouri.

BRADY, P. J., and DOWD, J., and LACKLAND H. BLOOM, Special Judge, concur.