STATE of Missouri ex rel. STATE HIGH-
WAY COMMISSION of Missouri,
Appellant,

v.

Calvin C. GALLOWAY et al., Jessie Rose
Donica and Grover C. Donica,
Respondents.

No. 7466.

Springfield Court of Appeals.

Missouri.

July 3, 1956.

Robert L. Hyder, Minor C. Livesay, Jefferson City, for appellant.

Miller, Fairman & Sanford, Springfield, for respondents.

McDOWELL, Presiding Judge.

Action in condemnation. Relator appeals from a judgment of the trial court on respondents' motion for statutory interest on $7,890 damages awarded by the commissioners from the date of the filing of their report, June 20, 1951, to April 20, 1954, the date the award was paid into court, and, for interest on $2,110 excess damages recovered by respondents in the trial of exceptions to the commissioners' report, from April 20, 1954, to January 20, 1955, date relator paid same into court.

The agreed statement of facts shows that the State Highway Commission, appellant, filed a petition in condemnation in the Circuit Court of Greene County, Missouri, May 15, 1951, to condemn land of respondents lying south of highway 166 west of Springfield, for the purpose of erecting an overpass at the junction of the By-pass connecting Highways 66 and 166; that com-

missioners were appointed by the court June 9, 1951, to view the property and assess the damages sustained by respondents for such appropriation. The commissioners filed their report with the court June 20, 1951, assessing respondents' damages in the sum of $7,890, and, thereafter on June 26, 1951, relator filed exceptions to the commissioners' report.

On April 20, 1954, appellant, in compliance with the judgment of the court entered June 9, 1951, paid to the clerk of the court $7,890 and took possession of the land.

Appellant's exceptions to the report of the commissioners were tried by jury and a verdict rendered on December 1, 1954, in favor of respondents for damages in the sum of $10,000 on which judgment was entered. Appellant paid into court $2,110 January 22, 1955, being the excess damages awarded in the trial of exceptions. Respondents have not accepted this payment, however, they did accept the $7,890, amount of commissioners' award, paid into court April 20, 1954.

February 8, 1955, respondents filed a motion in said cause asking the court to direct payment of statutory interest on the judgment rendered in the condemnation action from the date of the filing of the commissioners' award June 20, 1951, until the date said amount was paid into court by appellant in the total sum of $1,794.95. This motion was heard by the court June 14, 1955, resulting in a decree in favor of respondents for six per cent interest on $7,890 from June 20, 1951, the date of the filing of the commissioners' report to April 20, 1954, date possession of the land was taken by appellant and the commissioners' award paid into court for respondents, in the amount of $1,341.30, and interest at six per cent on the additional sum of $2,110 awarded by the jury in excess of the award of commissioners from June 20, 1951, to January 20, 1955, date said sum was paid into court, in the sum of $453.65, making a total decree of $1,794.95. From this judgment relator appealed.

Appellant assigns as grounds for reversal of the trial court's judgment:

1. That the court below was without authority to amend the verdict of the jury to include the interest as herein set out.

2. That there was no final judgment in the condemnation case prior to the verdict of the jury after the trial of the issues and therefore no interest due.

3. That respondents are not entitled to the award of the commissioners until they are deprived of the title to their land and possession thereof.

4. That the acceptance by respondents of the amount of the commissioners' award as full satisfaction of their claim precludes them from afterwards claiming interest on the amount of the award.

Respondents contend that there is nothing before the appellate court for review for the reason that appellant did not call attention of the trial court to any allegations of error in making the award. That no motion for new trial directing the trial court's attention to the alleged errors was filed.

To sustain this contention Supreme Court Rule 3.23, 42 V.A.M.S., and Section 510.330 RSMo 1949, V.A.M.S., are cited and other authorities.

Supreme Court Rule 3.23 provides that in order to preserve allegations of error for appellate review such errors must first be presented to the trial court in motion for a new trial.

There are three exceptions, however, to this rule. First, where the trial court has no jurisdiction of the subject matters; second, where the petition fails to state a claim; and, third, where the evidence is insufficient to support the judgment.

There are two reasons for ruling against respondents on this contention. First, it is contended that the trial court did not have jurisdiction of the subject matter;

and, secondly, we find that the motion is an after-trial motion.

█ Under Supreme Court Rule 3.24, after-trial motions are treated the same as motions for new trial, if timely filed. Therefore, when the trial court ruled upon this motion it had the effect of sustaining a motion for new trial and a final judgment.

Appellant first contends that the trial court was without authority to enter the judgment appealed from.

█ The power of eminent domain is inherent in sovereignty and exists in a sovereign state without any recognition thereof in the constitution. Board of Regents for Northeast Mo. State Teachers College v. Palmer, 356 Mo. 946, 204 S.W.2d 291, 293; 18 Am.Jur. Secs. 7–8, pp. 635, 637. The constitutional provisions relating to the subject are the limitations upon the power. Southern Illinois & Missouri Bridge Co. v. Stone, 174 Mo. 1, 22, 73 S.W. 453, 63 L.R.A. 301. The right to exercise the power or to authorize its exercise is wholly a legislative function. State ex rel. State Highway Comm. of Missouri v. Gordon, 327 Mo. 160, 163, 36 S.W.2d 105, 106.

█ In State ex rel. State Highway Commission v. James, 356 Mo. 1161, 205 S.W.2d 534, 535, the law is stated:

"* * * The constitution does not *grant* the power of eminent domain. The power is inherent in sovereignty, * * *. The constitution limits the power and the manner of its exercise in certain respects. * * * Constitutional provisions which limit or restrict the power of eminent domain are, of course, self enforcing. Provisions defining the purposes for which condemnation may be had are not self enforcing in the sense that they may be enforced by courts except to the extent and in the manner provided by statute. * * * *All that is necessary is that there be in force, at the time the particular interest in property is sought to* *be condemned, a constitutional provision or statute broad enough to authorize the condemnation of such interest and a statute to provide a reasonable method to determine just compensation therefor.*" (Emphasis ours.) State ex rel. Lane v. Pankey, 359 Mo. 118, 221 S.W.2d 195, 196.

The power of eminent domain and, in the instant case, the power to condemn property for the construction and maintenance of state highways, is expressly given to the State Highway Commission by Section 227.120 RSMo 1949, V.A.M.S. This section provides that if condemnation becomes necessary, the proceeding shall be in accordance with the provisions of Chapter 523 RSMo 1949, V.A.M.S.

Under Chapter 523, RSMo 1949, V.A. M.S., the legislature has provided special provisions governing condemnation proceedings.

Section 523.010 provides: That upon the filing of the petition in condemnation the court shall appoint three disinterested freeholders as commissioners, or a jury, to assess the damages which owners of the land being condemned may severally sustain.

Section 523.040 provides: That the commissioners so appointed by the court "after having viewed the property, shall forthwith return to the clerk of such court, under oath, their report in duplicate, of such assessment of damages, setting forth the amount of damages allowed to the person or persons named as owning or claiming the tract of land condemned." It provides further that "the clerk shall file one copy of said report in his office and record the same in the order book of the court, and he shall deliver the other copy, duly certified by him, to the recorder of deeds of the county", as provided in section 59.440 R.S. Mo 1949. It provides that the condemner shall pay such damages to said clerk and upon making such payment it shall be lawful for the condemner to hold the interest in the property appropriated and upon failure to pay such assessment the court may,

upon notice by the party entitled to the damages, enforce the payment by execution, unless condemner shall within ten days from the filing of the report elect to abandon the property.

Section 523.050 provides for the filing of exceptions to the commissioners' award and having a new appraisement made by jury.

■ So, at the time the Highway Commission sought to condemn the interest in the lands of respondents, in the instant case, there were constitutional provisions and statutory authority broad enough to authorize the taking of such interest and broad enough to provide a reasonable method to determine just compensation therefor.

One of the questions necessary to decide, in determining whether or not the court had power to render the judgment in the instant case, is, were respondents entitled to interest on the commissioners' award of $7,890 from the date of the return, to-wit, June 20, 1951, to the date that that amount was paid into court for the use and benefit of respondents, to-wit, April 20, 1954?

It is contended by respondents that the judgment of the trial court allowing statutory interest was necessary to meet the constitutional requirement of "just compensation":

In other words, it is contended by respondents that the date of the taking was the date of the filing of the report of commissioners. The constitutional provision, Article 1, Section 26, limits condemner's right to take the property in question and provides that such property shall not be taken without just compensation and it further provides that respondents' property shall not be disturbed or their proprietary rights divested until the award of the commissioners is paid into court.

■ The State Highway Commission exercising the power of eminent domain does so by virtue of statute and not on the basis of judgment by the court. St. Louis

Housing Authority v. Jower, Mo.App., 267 S.W.2d 344.

In State ex rel. State Highway Commission v. Day, 327 Mo. 122, 35 S.W.2d 37, 38, this law is stated:

"* * * The exercise of the power of eminent domain has been delegated by the Legislature to the state highway commission and to various municipal and public service corporations, but not to the courts. The condemnor in every case, in the exercise of a discretion not subject to judicial review, makes its own appropriation of private property for public use. When it pays to the owner of the property so appropriated just compensation, the title passes by operation of law. The only function that the court performs in a condemnation proceeding is in the ascertainment of just compensation, * * *."

■ The measure of damages for the taking of condemned lands must be determined as of the time of the taking. V.A. M.S.Constitution, Article I, § 26; In Re Armory Site in Kansas City (Kansas City v. Aronson), Mo.Sup., 282 S.W.2d 464, 470; City of St. Louis v. Paramount Shoe Mfg. Co., 237 Mo.App. 200, 168 S.W.2d 149.

In Re Armory Site in Kansas City (Kansas City v. Aronson), supra, 282 S.W.2d on page 470 of the opinion, the court made this statement of law:

"* * * The landowner could not, on the day of the taking, use the land for the purposes of having a church, a clinic or a doctor's office constructed thereon, and the just compensation to which an owner of condemned land is entitled when his property is taken by condemnation is regarded by law from the point of view of what the owner has lost, not what the condemnor has gained. *. * *" (See authorities cited.)

Since the rule of law followed in this State is that damages shall be determined at

the time of the taking, we must determine in this case when there was a taking.

It is contended by appellant that there was no taking until April 20, 1954; that respondents were not deprived of the use of their land until that date at which time the award of the commissioners was paid into court for their use and, therefore, no interest was due on the amount of the award. There must be a fixed *punctum temporis*.

In Nichols on Eminent Domain, Vol. 3, p. 110, Sec. 8.63(1) this law is stated:

"The fixing of this *punctum temporis* is not, however, accomplished by the application of any constitutional provision or general rule of law, but by the construction of the local statutes governing the exercise of eminent domain, and, moreover, the *punctum temporis* may be different for each of the four purposes for which it must be ascertained. As condemnation proceedings differ so widely in the different states, it would serve no useful purpose to recite at this point the stages that have been held to mark the completion of the taking. Of course, the right to compensation becomes constitutionally vested when the proceedings can no longer be abandoned, * * *

"There is one limit upon the power of the legislature to fix the *punctum temporis* in the case of interest; it cannot be later than the time of actual dispossession. It may be earlier, since possession is only one of the elements of value in ownership, and the right to sell or rent the property is practically cut off by the formal taking. It frequently is earlier, since, in accordance with the usual rules of law, interest ordinarily begins to run when the taking is complete and the damages are payable. * * *" Miller v. St. Louis & K. C. Ry. Co., 162 Mo. 424, 63 S.W. 85, 89.

In Plum v. City of Kansas, 101 Mo. 525, 14 S.W. 657, 658, 10 L.R.A. 371, this law is stated:

"* * * The long delay in reaching the end of the condemnation case arose from the acts of other parties. During it the plaintiff remained in possession of the land, but his enjoyment and use thereof were not such as belonged to complete ownership. His tenure, then, might be characterized as a sort of base or qualified fee, liable to be determined at any moment by the issue of the appellate proceedings. He could not, with any degree of confidence, improve the property or make any but the most transient agreements for its use. He could not dispose of it except subject to the paramount public easement, which had become impressed upon it. So far as concerned his beneficial rights, as owner, the judgment of condemnation amounted to the taking of the property for public use, and the price for such taking then became justly due him. On this state of facts, we are to determine whether plaintiff is entitled to interest during the years of delay, which intervened between the date of judgment by the circuit court and its affirmance on the appeal taken by other parties. * * *"

While the issue involved here is not the same as in the instant case, it does bear directly upon what constitutes a taking in condemnation proceedings. We believe a fair interpretation of the statutes and of the constitutional provisions of this state which control just compensation justified the trial court in finding that there was a taking of respondents' property at the time of the filing of the commissioners' report. Respondents could not with any degree of confidence, improve the property or make any but the most transient agreement for its use. They could not dispose of it except subject to the paramount public easement, which had become impressed upon it. The proceedings could no longer be

abandoned and that is the date fixed as of which the property is to be valued in determining the owners' damages. We think that is the date that the damages were due and ought to have been paid. Nichols on Eminent Domain, Vol. 3, p. 18, Sec. 8.51.

In Nichols on Eminent Domain, Vol. 3, p. 104, Sec. 8.63 this law is stated:

■ "The theory of the law is that, when land is taken by eminent domain or when it is injured in such a way as to create a constitutional right to damages, payment for the land thus affected should be coincident with the taking or injury, and, if for any reason payment is postponed, the right to interest from the time that payment ought to have been made until it is actually made follows as a matter of strict constitutional right. * * *"

Missouri seems to follow the rule that whether interest is allowed from the date of the award or from any other point of time it is purely a matter of legislative grace. Plum v. City of Kansas, supra. The opinions of the Missouri courts, however, seem to follow the general rule that when there is a taking or an injury and a delay in the payment of the damages therefor the landowner is entitled to interest. Webster v. Kansas City & S. Railway Co., 116 Mo. 114, 22 S.W. 474.

■ It would seem that "just compensation" required by the constitution will not allow the owner of land to suffer for this delay. We, therefore, hold under the facts in this case, that respondents were entitled to interest for the delayed payment of the award from the date of the report of the commissioners, to-wit, April 20, 1951, to the date such award was paid into court for the use of respondents, to-wit, June 20, 1954.

■ We, likewise, hold that respondents were entitled to interest as a part of the "just compensation" required by the Constitution from the date of the filing of the commissioners' award to the date of

final judgment in the condemnation action, to-wit, December 1, 1954. This court passed upon that question in Arkansas-Missouri Power Co. v. Hamlin, Mo.App., 288 S.W.2d 14. In this case we made an exhaustive study of the authorities on the subject. On page 17 of the opinion we stated this law:

"* * * Interest as so allowed by the weight of authority is not interest eo nomine, that is, interest as such and in the commonly accepted sense, but a substitute or means of measuring the value of the deprivation of the use of the property, and because it is a part and element of the just compensation required by constitutional provisions, which are self-enforcing, entirely independent of statute; for when no other method is at hand to determine the landowner's loss for the interim period, its allowance as an element of the just compensation is held necessary to preserve the constitutionality of statutory procedures which do not of themselves provide a way for compensating the owner for the period he is kept out of owner's possession without full payment. * * *" (See authorities cited.)

In this same opinion we cited all the authorities for Missouri which indicate that Missouri follows the majority view, that is, that the landowner is entitled to interest on the delayed compensation.

■ The serious question involved in the case at bar is the method or procedure followed by respondents in securing the judgment for interest. The law of eminent domain is well established that when exceptions are filed to the damages awarded by the commissioners the court's duty is limited to the sole issue of damages. That issue in the instant case was properly tried by the court with the aid of a jury and a final judgment entered on the verdict of the jury December 1, 1954.

Under Supreme Court Rule 3.24(a) relating to judgments when final, it is provided:

"For the purpose of ascertaining the time within which an appeal may be taken, a judgment becomes final at the expiration of thirty days after the entry of such judgment, if no timely motion for a new trial is filed. * * *"

Under section 511.020 RSMo 1949, V.A.M.S., it is provided:

"A judgment is the final determination of the right of the parties in the action."

■ It must dispose of all the parties and all the issues in the case. Deeds v. Foster, Mo.Sup., 235 S.W.2d 262; McNabb v. Payne, Mo.App., 280 S.W.2d 864; Hahn v. Hahn, Mo.App., 287 S.W.2d 337.

Respondents admit in their brief that the trial of the exceptions in the instant case and the judgment entered thereon December 1, 1954, was a final judgment, and, under Supreme Court Rule 3.24 was appealable within thirty days from such entry.

Supreme Court Rule 3.25 reads as follows:

"The trial court retains control over judgments during the 30-day period after entry of judgment and may re-open, correct, amend or modify its judgment for good cause within that time. * * * The 30-day period after entry of judgment for granting a new trial of the court's own initiative is not shortened by the filing of a notice of appeal but is terminated when the transcript on appeal is filed in the appellate court."

■ Thus, under this rule the trial court lost jurisdiction to interfere, amend, change or modify the judgment after thirty days from December 1, 1954.

It is the contention of respondents, set out in their additional statement or reply brief, that "Appellant in filing the statutory action of condemnation before the Circuit Court on May 15, 1951, vested in the Trial Court full, complete, and continuing jurisdiction to judicially try and determine, step by step, judgment by judgment, motion by motion, all of the statutory requirements essential to the proceeding and necessary to be complied with, and the constitutional conditions to be met by Appellant in taking Respondents' lands."

It is contended by respondents that the jurisdiction of the trial court to hear and determine motions necessary to establish their rights to compensation is not limited short of the accomplishment of the constitutional requirement.

Respondents, in their brief, made this statement:

"Respondents' Motion for the allowance of an additional amount as just compensation, in order to satisfy the provisions of the Constitution, was in no sense an amendment, and it does not purport to be and was not intended to be an amendment of the jury's verdict, in which it considered only the total amount of damages due, as based on the market value of the properties taken before and after the date of taking, which, in this case, was June 20, 1951."

■ From this statement on the part of respondents, we take it that they contend that the motion filed for interest herein constitutes a new and separate judgment from that entered by the court on the jury's verdict. Of course, this violates the rule of law that there can be but one final judgment in any civil action; that all of the issues must be determined before the judgment is final.

■ The courts in Missouri have held that damages in condemnation actions are found as a unit. The parties may show the elements that go to make up the damages but the damages are found as a unit. We held in Arkansas-Missouri Power Co. v. Hamlin, supra, 288 S.W.2d on page 19 that the trial court may within thirty days after the rendition of the judgment, on motion or by its own motion, amend the judgment, (citing much authority) and after that time

has passed, a court is without power or authority.

While it is the law that condemnation proceedings are sui generis and the civil code does not apply to them except insofar as the legislature specifically makes it applicable, yet the legislature has provided that the matter of damages may be determined by a jury when the same is asked for, and, in the instant case, exceptions were filed asking that damages sustained by respondents be determined by jury, which was done and final judgment rendered thereon. We think it was the duty of respondents after such final judgment to request the trial court to add to said judgment the interest they claimed to be due caused by the delayed payment and to do so within the time provided by law which would enable the trial court to act. That is, before the judgment became final and appealable. This respondents failed to do.

Under our condemnation statutes, the jury could not determine the amount of interest due for the reason the jury is not permitted to know the amount of the award made by the commissioners.

In Nichols on Eminent Domain, Vol. 3, pp. 113, 114, Sec. 8.63(2) the author stated this law:

"* * * The owner may, of course, waive his right to interest or he may by his actions be estopped to assert such claim." Martin v. City of St. Louis, 139 Mo. 246, 41 S.W. 231.

Nichols on Eminent Domain, Vol. 3, p. 116, Sec. 8.63(5), makes this statement of law:

"It is the better practice for the tribunal which makes the final assessment of damages to include interest in the amount of the award, although an award for a certain sum 'with interest' will be valid and the interest will be computed if the date when the inter-

est begins to run is made clear. There is considerable authority for the addition of interest by the court to the verdict of a jury in ordinary actions at common law when the claim is for a liquidated sum due at a definite time, as for example an action on a promissory note, and by inadvertence the jury has not awarded or even mentioned interest. The practice of adding interest in such cases has been adopted by some courts in eminent domain cases, but it is unsound, except under peculiar provisions of statute, since, even if the verdict is for the exact amount which one or more of the witnesses has testified to be the damage, and nothing has been said about interest, so that it is a fair assumption that compensation for delay in payment was not included in the award, it cannot be known whether the jury would have arrived at the amount named in the verdict if they had supposed that it would be largely increased by the court."

Under the procedure in Missouri the only method that could be followed in allowing interest for delayed payment of the award, as a part of the just compensation due respondents, would be to allow the court, upon motion of respondents and within the time the court is empowered to act, to amend the judgment by adding to the amount of the award of the jury such interest or to amend the verdict of the jury so as to allow interest on the amount so found at the legal rate. This was not done by respondents and it is the judgment of this court that, while respondents were legally entitled to interest as prayed for in their motion and as awarded by the trial court, they waived that right by not presenting it to the trial court in proper time.

Judgment reversed and judgment ordered entered for appellant.

STONE, J., concurs in result.

RUARK, J., concurs.