**STATE of Missouri ex rel. STATE HIGH-WAY COMMISSION of Missouri, Respondent,**

v.

**J. C. NICHOLS COMPANY, Phillips Petroleum Company and Tony Manzo, Appellants.**

No. 22554.

Kansas City Court of Appeals.

Missouri.

Nov. 4, 1957.

---

Alvin C. Randall, Hogsett, Houts, James, Randall & Hogsett, Chas. W. Hess, Jr., Terrell, Hess, Van Osdol & Magruder, Kansas City, for appellants.

Robert L. Hyder, Elliott M. Dampf, Minor C. Livesay, Jefferson City, for respondent.

BROADDUS, Presiding Judge.

This is an action in condemnation. The sole question presented is whether the trial court, upon timely application therefor, has the power to add to the verdict of the jury interest on the difference between the amount of the Commissioners' award and that disclosed in the jury's verdict.

The question arises out of the following agreed statement of facts:

The State of Missouri instituted this action in the Circuit Court of Jackson County, Missouri, at Independence, for the purpose of condemning certain land for a right-of-way, including: "All of the North 125 feet of Lot 30, except the East 38.25, Ranson Place, an addition to Kansas City, Jackson County, Missouri." J. C. Nichols Company, Phillips Petroleum Company and Tony Manzo were named defendants as parties who owned, or claimed, an interest in the above described property. The Court appointed Commissioners to assess and award damages, and they awarded $19,100 for this particular piece of property. The property was taken by the State on December 11, 1953. J. C. Nichols Company, Phillips Petroleum Company and Tony Manzo filed exceptions, and a jury on June 14, 1956, in the Circuit Court awarded damages in the amount of $28,000, as the fair market value as of December 11, 1953, and judgment was entered accordingly. On July 5, 1956, defendants filed a motion to modify the judgment to include an award of interest at the rate of six per cent on $8,900, being the difference between the award of the Commissioners and the award of the jury, from December 11, 1953, until the additional $8,900 was paid into Court pursuant to the verdict of the jury and the judgment. Said motion was overruled by the Court on July 13, 1956, and defendants appealed.

The parties have further stipulated that the sum of $8,900 was paid by respondent to the clerk of the trial court on August 14, 1956.

Defendants' contention is that the judgment in the sum of $28,000 was erroneously entered, for the reason that the court should have, but did not, add to said $28,000 an amount ($1,424) representing interest at the rate of six per cent from the date the property was taken by the State until the $8,900 was paid into Court, said $8,900 representing the difference between the Commissioners' award and the fair market value as of the date the prop-

erty was taken, as determined by the jury.

In support of their contention the defendants rely upon the recent decisions of the Springfield Court of Appeals, to wit: Arkansas-Missouri Power Company v. Hamlin, Mo.App., 288 S.W.2d 14, and State ex rel. State Highway Commission v. Galloway, Mo.App., 292 S.W.2d 904. Those cases support defendants' position. However, since the instant case was submitted the Supreme Court on October 14, handed down its opinion in the case of State ex rel. Highway Commission v. Green, Mo., 305 S.W.2d 688. In that opinion the Court announced that it did not agree with the views expressed in the Hamlin and Galloway cases and held "that a trial court does not have the power to add any amount to the sum fixed by the jury in its verdict (except when authorized by statute) but must enter a judgment for the sum stated therein." The opinion further pointed out that there is no statute authorizing the trial court to make the addition.

In line with the above holding of the Supreme Court in the Green case, the judgment is affirmed.

All concur.