The STATE of Missouri upon the relation of Bernard C. SCHAPER, Successor Trustee of the Trust Created under the Will of Anna B. Fruend, Deceased, et al., Relators,

v.

Honorable Harry J. STUSSIE, Judge of the Circuit Court, Division No. 2, of the County of St. Louis, Respondent.

No. 34648.

Missouri Court of Appeals, St. Louis District.

Nov. 7, 1972.

Nations & Yocum, Clayton, for relators.

Edward J. Houlihan, Clayton, Carter, Bull, Baer, Presberg & Lee, John C. Sweeney, Jules Q. Strong, St. Louis, for respondent.

SMITH, Judge.

This is an original proceeding in prohibition seeking to prevent respondent judge from proceeding to trial in an equity case until an accounting has been had. We issued our preliminary writ but after oral argument issued our order quashing our preliminary writ with this opinion to follow.

Under the Will of Anna B. Fruend, Jerome E. Jacobsmeyer acted as testamentary trustee until his death on December 1, 1968. Edward J. Houlihan is the executor of the estate of Jerome E. Jacobsmeyer. Relator Bernard Schaper is the successor trustee of the Fruend trust, and is a member of the class of remaindermen of that trust. Relator Marie Schaper is the life beneficiary of the trust.

In February, 1969 relators brought suit against Houlihan and some other persons to recover trust funds allegedly mismanaged and misappropriated by Jacobsmeyer. The petition was in four counts. Count I sought a money judgment in the amount of the original trust corpus against Houlihan as executor. Count II sought an accounting by Houlihan of the funds received by the trustee. Count III sought an accounting from Jacobsmeyer's wife of money which went into a joint account, some of which is claimed to be trust funds. Count IV sought to impose a resulting trust on certain land claimed to have been purchased in whole or in part with trust funds.

A trial in the action commenced in January, 1971 before Judge Herbert Lasky. After hearing some evidence, Judge Lasky on February 3, 1971 ordered Houlihan as executor to render an accounting to plain-

tiffs. On March 4, 1971 an accounting was filed which was excepted to by plaintiffs. On May 7, 1971 the trial judge sustained the objections of plaintiffs and as part of the order provided: " . . . The court orders that an independent auditor will be appointed to audit the books and records of the trust estate or of the deceased trustee and render an account to plaintiffs."

No such appointment was ever made. In February 1972 plaintiffs obtained a resetting of the case from March 27 to May 9. In the letter advising of such resetting plaintiffs' attorney called attention to the absence of an accounting. On the record before us nothing further was done until May 9, 1972, when plaintiffs sought a continuance. This request was denied by respondent and shortly thereafter we issued our preliminary writ.

█ Relators place great stress upon the case of Engelsmann v. Holekamp, Mo., 402 S.W.2d 382. That case did hold that once a fiduciary relationship is established the beneficiaries are entitled to an accounting from the trustee. We are not here dealing, however, with whether plaintiffs are entitled to an accounting at some stage of the litigation. Rather, we deal here with the discretion of a ·trial judge to control his docket and the progress of litigation, and to grant continuances, a discretionary act. See Supreme Court Rule 65.01 (V.A.M.R.).

█ The writ of prohibition is directed against actions in excess of jurisdiction. On rare occasions abuse of discretion may be so great as to rise to an excess of jurisdiction and only in those cases is an appellate court warranted in prohibiting discretionary actions. Prohibition is no substitute for appeal nor is it a device to correct trial errors or rulings. A trial judge has jurisdiction to be wrong.[1] Having in mind these oft repeated principles we do not find that the trial court has exceeded its jurisdiction in denying the continuance.

In arriving at this conclusion we note particularly the following matters. (1) The original order of Judge Lasky was interlocutory in nature and subject to change until final judgment was entered. (2) That order did not on its face order the trial to be held in abeyance pending an accounting. (3) The cause had been pending over three years when the continuance was denied. (4) Plaintiffs for over a year had taken no affirmative action to secure the appointment of the auditor called for in Judge Lasky's order. (5) Plaintiffs have not exhausted fully other methods of obtaining some of the information needed such as examination of the executor's records. (6) Parties other than the executor of the trustee are involved and the status of the title to the real estate in Count IV is involved creating a cloud upon the title. (7) There is no indication that the trial court will not at some point before final judgment order a full and complete accounting. See Supreme Court Rule 68.02 (V.A.M.R.) (8) The case is to be tried in equity and need not be tried all at one time. (9) There appears to be no impossibility in trying some facets of the case without having a complete account made. (10) If plaintiffs are entitled to a full accounting and do not receive one the matter may be corrected on appeal.

We have concluded this is not a proper matter for a writ of prohibition and that our preliminary writ was improvidently granted. Our preliminary writ is therefore quashed.

DOWD, C. J., and SIMEONE, WEIER, CLEMENS and KELLY, JJ., concur.

---

1. See generally, State ex rel. Allen v. Yeaman, Mo.App., 440 S.W.2d 138; State ex rel. City of Mansfield v. Crain, Mo.App., 301 S.W.2d 415.