STATE of Missouri ex rel. MISSOURI
PACIFIC RAILROAD
COMPANY, Relator,

v.

Hon. Herbert K. MOSS, Circuit Judge,
Jefferson County, Missouri,
Respondent.

No. 36432.

Missouri Court of Appeals,
St. Louis District,
En Banc.

Dec. 9, 1975.

2. Parker, *Improving Appellate Procedure*, 25 N.Y.U.L.Rev. 1, 12–13 (1950), in R. Leflar, Appellate Judicial Opinions 202 (1974).

Spradling, Drusch & Dillard, Walter S. Drusch, Jr., Cape Girardeau, for relator.

Roberts & Roberts, Geoffrey L. Pratte, Farmington, for respondent.

McMILLIAN, Judge.

This is an original proceeding in prohibition filed by the Missouri Pacific Railroad Company (hereafter Relator) to prohibit further enforcement of the trial court's judgment in *Reorganized School District No. 2 v. Missouri Pacific Railroad Company*, Circuit Court of Jefferson County, Cause No. 39477. Because of the novelty of the problem presented the cause was transferred, without opinion, to a seven judge panel of the court. Thereafter supplemental briefs were filed and the cause re-argued.

The core issue for our decision is (1) whether an addition of prejudgment interest by the court to a jury's verdict is in excess of jurisdiction so as to render void the judgment or whether such conduct on the part of the court was merely erroneous but not jurisdictional; (2) and if a court may not properly do so, whether a writ of prohibition will lie where there was an adequate remedy by appeal and the issue was not raised.

For reasons given herein, we hold that (1) the addition of prejudgment interest by the court was unauthorized and, therefore, erroneous; and (2) a writ of prohibition will not lie where there was an adequate remedy by appeal and the issue was not raised. Accordingly, we hold that the preliminary writ was improvidently granted, and hereby order that the writ be quashed.

Commencing in November, 1966, relator widened its right-of-way fourteen feet onto adjacent school property. The School Board (hereafter Respondent) filed an inverse condemnation action in April, 1968, in the Circuit Court of Iron County. Based on interrogatories and testimony, that court sustained respondents' motion for summary judgment as to the fact that relator's entry on the land had occurred on or about the

first day of November, 1966; relator did not appeal. Thereafter, the cause was transferred to the Circuit Court of Jefferson County on a change of venue. A jury trial on March 27, 1972 resulted in a verdict of $140,000 to which the court added interest at the rate of 6% per annum from December 1, 1966—in effect, from the date of taking.

Relator appealed on the issue of measure of damages for the taking of school property but did not raise the interest issue. The judgment was affirmed by this court, 503 S.W.2d 153 (Mo.App.1973). On November 13, 1973, a motion for rehearing or transfer was denied. On January 14, 1974, an application to transfer was denied.

Relator forwarded to the Circuit Court of Jefferson County its check in the amount of $156,800 for the principal amount of $140,-000 plus interest of $16,800 from March 27, 1972 but omitting the prejudgment interest. The proceeds of the check were ordered distributed to respondent and thereafter, an execution was issued seeking the further sum of $54,250 as interest by virtue of the judgment. A motion to quash the execution was overruled by the trial court on June 10, 1974; relator did not appeal. On August 8, 1974 relator filed its petition for writ of prohibition. This court entered a preliminary writ of prohibition.

Relator asserts that the trial court exceeded its jurisdiction in two ways; in making an independent finding, not submitted to the jury in the instructions, at the time of taking; and in adjudging an award of interest, which was neither submitted to the jury in the instructions nor included in the jury verdict. On the latter point, relator relies on the implications of § 523.045, RSMo 1969. Respondent contends not only that the trial court had jurisdiction but also that this writ was not timely filed. Therefore, two issues are presented. First, whether the trial court's award of prejudgment interest in an inverse condemnation case was an act in excess of jurisdiction, and secondly, whether a writ of prohibition will lie in this situation.

Because of their constitutional dimension, lack of subject matter jurisdiction and lack of personal jurisdiction are defects which the law seeks to prevent the defendant from conceding or waiving. For these reasons, collateral attacks and multiple appeals are sometimes allowed in these situations. Our research indicates that most of those cases which have allowed prohibition as a remedy for lack of jurisdiction have dealt with lack of subject matter jurisdiction, e. g., *Randles v. Schaffner*, 485 S.W.2d 1 (Mo. 1972); *State ex rel. Sisters of St. Mary v. Campbell*, 511 S.W.2d 141 (Mo.App.1974); *State ex rel. T. J. H. v. Bills*, 504 S.W.2d 76 (Mo.1974); *Farrar v. Moore*, 416 S.W.2d 711 (Mo.App.1967). Here, jurisdiction over the subject matter and person are not in dispute.

█ It is true that the concept of jurisdiction includes not only jurisdiction over the subject matter and person but also the jurisdiction, or power, to act in certain ways. *Farrar v. Moore,* supra. However, once a court has jurisdiction over the subject matter and person, it is virtually impossible to distinguish acts in excess of jurisdiction from mere error or abuse of discretion. *State ex rel. City of Mansfield v. Crain*, 301 S.W.2d 415 (Mo.App.1957); Note, The Writ of Prohibition in Missouri, 1972 W.U.L.Q. 511 (Summer 1972). In those rare cases where prohibition was based on acts in excess of jurisdiction, the defect was so great and so clearly evident as to go beyond error. See *State ex rel. Berbiglia v. Randall*, 423 S.W.2d 765 (Mo.Banc 1968) (Entry of second judgment in case without vacating first had effect of improperly leaving cause with two judgments.).

█ Inverse condemnation is essentially a tort action for damages. Admittedly, in such an action, the interest would ordinarily begin to run from the date of judgment. But that is not to say that an award of prejudgment interest amounts to an act in excess of jurisdiction. Here, the trial judge had jurisdiction over the person and the

subject matter and he had jurisdiction to enter a judgment. The addition of interest to the verdict may have been erroneous but there was no lack of jurisdiction. "A trial judge has jurisdiction to be wrong." *State ex rel. Schaper v. Stussie,* 487 S.W.2d 49 (Mo.App.1972). *Van Noy v. Huston,* 448 S.W.2d 622 (Mo.App.1969), is dispositive on this very issue. There, the Springfield Court of Appeals held that an award of prejudgment interest contrary to the verdict was judicial error. Therefore, on the first issue, it is clear that there was no act in excess of jurisdiction.

▮▮▮▮ Missouri courts have consistently maintained that prohibition is an extraordinary remedy, not a panacea for legal wrongs.[1] E. g., *State ex rel. Deering Milliken, Inc. v. Meyer,* 449 S.W.2d 870, 873 (Mo.App.1970); *State ex rel. Hilleary & Partners, Ltd. v. Kelly,* 448 S.W.2d 926, 932 (Mo.App.1969). Mere error or irregularity or mistake is not a ground for prohibition. *Delaney v, Police Court of Kansas City,* 167 Mo. 667, 67 S.W. 589 (1902); *State ex rel. T. J. H. v. Bills,* supra; *State ex rel. Schaper v. Stussie,* 487 S.W.2d 49 (Mo.App.1972); *State ex rel. Houser v. Goodman,* 406 S.W.2d 121 (Mo.App.1966); *State ex rel. City of Mansfield v. Crain,* supra. In *State ex rel. Terminal Railroad Ass'n v. Tracy,* 237 Mo. 109, 140 S.W. 888 (1911), the Supreme Court of Missouri said, "The writ is always refused where it appears that the court has jurisdiction over the matter complained of." An appeal from final judgment is, as a general rule, deemed an adequate remedy for the correction of all errors committed in the course of a trial. *State ex rel. Vogel v. Campbell,* 505 S.W.2d 54; *State ex rel. Schaper v. Stussie,* supra; *State ex rel. Houser v. Goodman,* supra. Denial of the writ does not necessarily mean that the trial court is error-free. *State ex rel. Houser v. Goodman,* supra; *State ex rel. City of Mansfield v. Crain,* supra; Missouri Bar, Missouri Appellate

Practice and Extraordinary Remedies, § 9.5 (2d Ed. 1974).

"In such a case, however gross the error, irregularity or mistake, the writ does not lie, not because as is sometimes erroneously stated, there exist other adequate remedies, or such remedies are inhibited, but for the reason that there has been no usurpation or abuse of power." F. Ferris, The law of Extraordinary Legal Remedies, 440–441 (1926).

Therefore, on the second issue, the writ will not lie to correct a non-jurisdictional error.

"It is also held, on the general ground that prohibition does not issue *ex debito justitiae,* that when the applicant has made out his prima facie case bringing it within the technical requirements of the law, the question still remains, does the real right and justice of the case call for this extraordinary remedy? In determining that question, if there is anything in the circumstances suggesting that the party has neglected to apply for relief that was reasonably available, then the writ should be withheld, at least until such relief has been sought. *Ferris,* supra, at 431–432, citing *State ex rel. McCaffery v. Aloe* [152 Mo. 466], 54 S.W. 494 (Mo.1899)."

Not only did relator have a remedy by appeal, but in fact it took an immediate appeal in which it did not raise the interest issue, and it delayed over two years before applying for this writ. Therefore, it would also have been within the discretion of the petitioned court to deny the writ, even if there had been acts in excess of jurisdiction, because relator neglected to utilize other available remedies.

Alternatively, commentators have suggested that the case law on prohibition can be reconciled by the use of a pragmatic test:

"When it appears that the relator will be irreparably injured unless he is allowed

---

1. This the traditional view. However, in some states, such as California and Washington, the writ is applied liberally to reme-

dy almost any legal defect. Note, The Writ of Prohibition in Missouri, 1972 W.U.L.Q. 511, 512 (Summer 1972).

an immediate review of the lower court's conduct, upper courts have been willing to issue prohibition, even if the concept of excess of jurisdiction must be strained or even distorted. . . . One solution to the confusion is to recognize that it is probably impossible to differentiate adequately between error and abuse of discretion, and to establish guidelines for the use of the writ based upon whether other adequate remedies for the relator do or do not exist." W.U.L.Q., supra, 1972, at p. 526.

Applying the "pragmatic test" it is clear that prohibition is not appropriate in the case at bar. Relator's situation was not such that raising the interest issue in the ordinary course of appeal would have subjected it to irreparable loss, delay, or deprivation of rights. This situation is distinguishable from those in which prohibition was allowed despite an available appeal, because appeal was not an "adequate" remedy. See *State ex rel. Vogel v. Campbell,* supra (A judgment on a verdict which is held in abeyance until the remaining parties are disposed of is not appealable.); *Giacopelli v. Clymer,* 521 S.W.2d 196 (Mo.App. 1975) (Public office would have been left vacant pending appeal.); *State ex rel. Berbiglia v. Randall,* supra (Judgment was void but there was nothing to prevent its enforcement.); *State ex rel. Sisters of St. Mary v. Campbell,* supra (Where lack of subject matter jurisdiction was clear because pleader could not state a cause of action of which circuit court would have jurisdiction, prohibition would lie to prevent needless expense and vexation of an appeal.)

■ Moreover, from the standpoint of policy, it is not reasonable to protect this relator from error from which it could have protected itself. Unlike lack of subject matter jurisdiction, this error does not relate to the organization of the judicial system or of government, nor does it rise to constitutional stature. Therefore, this error is not the kind that the law would seek to prevent the defendant from conceding or waiving, nor is it the kind that the law considers such as to justify two or more appeals where one should do. This is merely an attempt to use a waivable trial error as the ground for a collateral attack on the judgment. Here, the error was raisable on appeal, and appeal was available. The prevention of piecemeal petitions for relief from appellate courts is at least as serious a policy as is the prevention of piecemeal lawsuits (res judicata); and for that reason, non-jurisdictional error, however serious, is waived if it is not raised on appeal.

The preliminary writ of prohibition is hereby quashed.

SMITH, P. J., and CLEMENS, DOWD and RENDLEN, JJ., concur.

SIMEONE, J., dissents with opinion in which GUNN, J., concurs.

KELLY, WEIR and STEWART, JJ., not participating.

SIMEONE, Judge (dissenting).

I must respectfully dissent. I believe that our preliminary writ of prohibition should be made absolute.

Relator seeks to prohibit the respondent from further enforcement of a part of a judgment of the trial court rendered on March 27, 1972, awarding prejudgment interest in an inverse condemnation case from the date of "taking," December 1, 1966.[1]

---

1. The respondent was prohibited from "issuing any further execution or in any way enforcing the judgment and verdict rendered against defendant [Missouri Pacific] on March 27, 1972, except for interest on the jury verdict of $140,000.00 from and after March 27, 1974, until the proceeds from defendant-relator's draft in the amount of $156,800.00 were disbursed to the plaintiff on or about April 25, 1974 . . . ."

The relator contends that the court could not assess interest from November, 1966, the date of the "taking," to the date of the judgment, March 27, 1972. The relator does

For a clear picture of my reasons, I reiterate some of the essential facts. In April, 1968, plaintiff, Reorganized School District No. 2, filed an inverse condemnation action against relator-defendant, Missouri Pacific Railroad, for the taking of a portion of the School District's campus in Ironton, Missouri and subsequent damage to the remainder of the campus.

On March 27, 1972, the jury returned a verdict in favor of the School District in the amount of $140,000. On the same date the trial court entered its judgment that the School District have and recover from the Railroad the sum of $140,000 for land appropriated by the defendant, Railroad, and then added in the judgment that:

". . . The Court further finds that the entry upon the appropriation [sic] of plaintiffs [sic] land occurred in November, 1966 and that plaintiff shall have and recover in addition to said sum, interest thereon at the rate of 6% per annum from December 1, 1966 and that the cost [sic] be assessed against defendant and that execution issue therefor." [2]

In due time the Railroad-relator appealed the judgment of inverse condemnation to this court. This court affirmed. *Reorganized Sch. Dist. No. 2 v. Missouri Pacific R. Co.*, supra. The issue of interest on the judgment of $140,000 was not appealed in that proceeding.

On April 16, 1974, the Railroad forwarded to the circuit court of Jefferson County its draft in the amount of $156,800.00, which represented the amount of the verdict plus interest thereon from March 27, 1972, until March 27, 1974. The School District executed a partial satisfaction of judgment, and the proceeds of this draft were ordered distributed to the School District on or about April 25, 1974. Thereafter, the School District petitioned that a general execution be issued returnable May 28, 1974, for a further sum of $54,250 apparently representing interest from the date of "taking," December 1, 1966, to 1972.

The Railroad filed its motion to quash execution on May 28, 1974, which was overruled on June 10, 1974. No appeal was taken.

This petition for prohibition followed and was filed on August 8, 1974. The relator prayed that we issue our preliminary rule "because the trial court's action in assessing interest . . . from the time of the alleged taking in November, 1966, until the date of the jury verdict [March 27, 1972], without submitting either the issue of the time of the taking or of the assessment of interest to the jury" exceeded its jurisdiction. Relator prayed that the trial court be prohibited from "issuing any further execution or in any way further enforcing the judgment and verdict rendered against this defendant on March 27, 1972, except for interest on the jury verdict of $140,000.00

not contest that it owes interest from March 27, 1972, to March 27, 1974—the date the relator paid money to the court for the distribution to the School District. Neither does relator contest the fact that the issue of prejudgment interest *could have* been submitted to the jury for its determination.

2. Prior to trial, a motion for summary judgment filed by the School District was granted against the Railroad "to the extent that appellant [Railroad] did take a fourteen-foot strip for the length of [the School District's] property and did anchor the overpass on nineteen feet of Madison Street. No appeal was taken from the summary judgment." *Reorganized Sch. Dist. No. 2 v. Missouri Pacific R. Co.*, 503 S.W.2d 153, 156 (Mo. App.1973).

Although the briefs indicate that the summary judgment found that the date of taking was November, 1966, there is nothing to indicate that the order of summary judgment so held. The respondent argues that the "date of entry upon plaintiff's premises and, hence, the date of taking was fixed by Summary Judgment." But the trial court never so found in its order of summary judgment. In this court on appeal, the issue of date of taking was important only insofar as whether Instruction No. 3 was proper.

Regardless of the date of taking, the true issue is whether the trial court exceeded its jurisdiction in awarding 6% interest from the "date of taking." There was evidence in the trial that the construction began in November, 1966.

from and after March 27, 1974 until the proceeds from defendant-relator's draft in the amount of $156,800.00 were disbursed to the plaintiff on or about April 25, 1974."

The thrust of the petition of the prohibition [3] and the pleadings filed in the cause is that the relator seeks to prohibit the trial court from any further enforcement of its order entered on March 27, 1974, which added onto the jury's verdict interest in the amount of 6% from the date of the "taking" of the School's property. The true issues in this case, as I perceive them, are (1) whether the trial court exceeded its jurisdiction by adding 6% interest on the amount of the $140,000.00 from the date of the "taking"—December 1, 1966—and (2) whether prohibition is the appropriate remedy when the Railroad-defendant did not appeal that issue to this court in *Reorganized Sch. Dist. No. 2 v. Missouri Pacific R. Co.,* supra.

In essence, respondent argues that § 523.045, RSMo 1969, authorizes the trial court,

in an inverse condemnation case, to award interest from the date of the "taking" to the date of the judgment. It contends that § 523.045 [4] which allows prejudgment interest in a direct condemnation case is equally applicable to inverse condemnation cases and relies on several decisions including *Wells v. State Highway Commission,* 472 S.W.2d 876 (Mo.App.1971), trfd. to S.Ct. 503 S.W.2d 689 (Mo.1973).

I do not believe that the *Wells* decisions, supra, are dispositive of the issues presented by this original proceeding, and I believe, for reasons hereinafter stated, that the trial court exceeded its jurisdiction in entering its order of March 27, 1972, adding six percent interest from the date of the "taking"—December 1, 1966.

An examination of the two *Wells* decisions does not substantiate respondent's claim. In *Wells,* certain landowners brought inverse condemnation proceedings against the State Highway Commission for

3. The respondent contends that the "exact judicial act from which relator seeks the extraordinary relief of prohibition is the Trial Court's Special Order, after final judgment, overruling relator-judgment debtor's Motion to Quash Execution," entered June 10, 1974. Respondent contends that relator had a right to appeal the order overruling the motion to quash, since it became a final judgment after thirty days. Rule 75.01. *Flynn v. Janssen,* 266 S.W.2d 666 (Mo. 1954); *Carrow v. Carrow,* 294 S.W.2d 595 (Mo.App.1956). These cases involved a direct appeal, and the extraordinary writ of prohibition was not involved. In *Flynn,* supra, it was held that the court had jurisdiction to enter the particular order; in *Carrow,* an order overruling a motion to quash execution issued on judgment for child support was appealable. These cases are not dispositive of the particular issue raised in this proceeding.

4. § 523.045 provides: "If, within thirty days after the filing of any condemnation commissioners' report under the provisions of section 523.040, the condemnor shall have neither paid the amount of the commissioners' award to the persons named in the petition . . ., then interest on the amount of any subsequent verdict for said named persons, or if there be no such verdict, then on the amount of the award, at the rate of six percent per annum from the date of filing the report shall be added to

said verdict or award and paid to said named person or to the clerk for them. If, within thirty days after the filing of any such commissioners' report the condemnor shall have paid the amount of any commissioners' award to the persons named in the petition as owning or claiming any property or rights or to the clerk of the court for them and the amount of such award shall be superseded by a subsequent verdict or amount larger than the award paid, then interest on the amount by which such verdict exceeds the award, at the rate of six percent per annum from the date of filing the report, shall be added to the amount of the verdict . . . .. If, within thirty days after the filing of any such commissioners' report, the condemnor shall have neither paid the amount of the award to said persons or to the clerk for them nor filed its written election to abandon the appropriation, but shall thereafter timely file such written election to abandon, then the court may, upon motion filed by said persons within ten days after the filing of said election, assess against the condemnor six percent interest on the amount of the award from the date of filing of the commissioners' report to the date of the filing of such election, enter judgment thereon and enforce payment thereof by execution or other appropriate proceeding."

damage to their lake caused by the accumulation of silt and mud from highway construction. The jury rendered its verdict in favor of Wells, one of the landowners, in the amount of $11,000. The trial court added to this verdict $4,235, representing interest from the date of the taking to the date of the judgment, pursuant to § 523.-045. The Highway Commission appealed to the Missouri Court of Appeals. This court transferred the cause to the Supreme Court because the total judgment ($15,235) exceeded the jurisdictional limit ($15,000) which was in effect on the date notice of appeal was filed. I do not believe, as respondent contends, that this court "specifically held that such interest was properly allowed pursuant to Section 523.045 R.S.Mo. (1969), as damages in the nature of interest for delay in payment of compensation." The court merely held that such interest, incorporated in the judgment by the trial court, was part of the judgment and as such became part of the amount in controversy to be considered in determining the jurisdictional amount for purposes of our jurisdiction only. Nor do I believe that the Supreme Court upon transfer, 503 S.W.2d 689 (Mo.1973), approved court awarded prejudgment interest. The sole issue was whether substantial amounts of mud from highway construction into the owner's lake constituted a taking which entitled the landowners to recovery. The issue of court awarded prejudgment interest was not presented for a thorough determination and although the judgment of the trial court against the highway commission was affirmed, such affirmation did not, in my opinion, condone the trial court's action in awarding prejudgment interest. The Supreme Court expressly stated that ". . . no point is made on the amounts of the damages. The sole question here is whether a verdict should have been directed." 503 S.W.2d at 690.

Respondent's claim, that § 523.045 is equally applicable to inverse condemnation cases, requires an examination of the case law prior to the enactment of this statute.

Two cases prior to the enactment of § 523.045 can be said to stand for the proposition that in direct condemnation cases the condemnee is entitled to *court* awarded interest to be added to the jury verdict. *Arkansas-Missouri Power Company v. Hamlin*, 288 S.W.2d 14 (Mo.App.1956); *State ex rel. State Highway Commission v. Galloway*, 292 S.W.2d 904 (Mo.App.1956). In each of these cases the condemnee filed a motion after *entry of judgment* seeking a modification or amendment so as to include in the final judgment an amount of interest on the amount in excess of the jury verdict over the commissioners' award for the period between th date of the taking and the date of the entry of judgment. The trial court denied relief of interest in *Hamlin*, but in *Galloway* the condemnees' motion for amendment for interest from the date of the commissioners' award was sustained. Affirming in *Hamlin* and reversing in *Galloway*, the Springfield Court of Appeals held that the trial court could not modify the judgment so as to include an amount of interest because a timely motion had not been made and the judgment had become final. However, in each of these cases, it was clearly indicated that the condemnee is entitled to prejudgment interest and where timely motion is filed it is the duty of the trial court to award such interest and include it in the judgment.[5]

5. In *Hamlin*, the court of appeals noted that the condemnee is entitled to prejudgment interest to the extent the jury verdict exceeds the amount of the commissioners' award, such interest being "an element of just compensation required by the constitution." 288 S.W.2d at 18. Mo.Const. Art. I, § 26.

In *Galloway*, the court indicated that "just compensation" requires that the condemnee be allowed interest from the date of the filing of the commissioners' report to the date such award is paid into court and that the only procedural method under Missouri law, for the award of such interest would be to allow the court, upon proper and timely motion of the condemnee, "to amend the judgment by adding to the amount of the award of the jury such interest or to amend the verdict of the jury so as to allow interest

But thereafter, the Supreme Court, in *State ex rel. Highway Commission v. Green*, 305 S.W.2d 688 (Mo.1957), disapproved of the power of the trial court to award interest from the date of the appropriation and specifically denied power to the trial court to add interest on a jury verdict and thus effectively overruled *Hamlin* and *Galloway* to the extent that they indicated such power existed in the trial court to add interest to a jury verdict. Recognizing that prejudgment interest may be warranted in a particular case, the court in *Green* stated:

"We do not agree with the views expressed in the *Hamlin* and *Galloway* cases relating to the power and duty of the trial court to add interest. If it is essential (which we do not decide) to the constitutionality of our statutory condemnation procedures that interest be allowed under the instant circumstances, we have the view that it must be either computed by the *jury* and included in its verdict, or, if it be desired that the trial court add the interest in the judgment, the authority so to do must be provided by a specific statute. Stated conversely, we have concluded that *a trial court does not have the power to add any amount to the sum fixed by the jury in its verdict* (except when authorized by statute) but must enter a judgment for the sum stated therein. . . . [Until authority is granted by statute] we have the view . . . that *the courts do not have the power to add interest to the amount of*

*the verdict.* . . ." 305 S.W.2d at 693, 695 (emphasis added).[6]

The procedure for awarding interest by the trial court was settled by statute following *Green*, supra. Section 523.045, enacted by the General Assembly in 1959 apparently because of the invitation of *Green*, supra, provides for prejudgment interest in direct condemnation proceedings to be awarded by the court. That section provides that (1) if, within thirty days after the filing of the commissioners' report the condemnor does not pay the amount of the award, interest on the amount of any subsequent verdict shall be added to the verdict from the date of filing the report, and (2) if within thirty days after the report the condemnor shall have paid the amount of the commissioners' award, interest on the amount by which the verdict exceeds the award shall be paid from the date of the filing of the commissioners' report.

Thus, the General Assembly responded to the solution posited by the Supreme Court in *Green*, supra.

Section 523.045 deals specifically with the power of the court to award interest, not authorized by *Green*, supra. Section 523.045 did not create any new substantive rights. It is a procedural statute [7] authorizing the court to award prejudgment interest to the condemnee.

Inverse condemnation proceedings are not, as respondent suggests, identical to di-

---

on the amount so found at the legal rate. . . ." 292 S.W.2d at 912.

" ' * * * Interest as so allowed by the weight of authority is not interest eo nomine . . . but a substitute or means of measuring the value of the deprivation of the use of the property . . . .' " *State ex rel. State Highway Commission v. Galloway*, 292 S.W.2d at 910, aff'd 300 S.W.2d 480 (Mo.1957).

6. In *St. Louis Housing Authority v. Magafas*, 324 S.W.2d 697 (Mo.1959), the Supreme Court approved the award of interest where the claim for interest was presented to the trial court and the case was tried to the court. There was no procedural difficulty in that case, since the claim for interest was presented to the trial court which tried

the case, thus obviating the question of an addition of interest.

Following *Magafas*, the Supreme Court also approved the imposition of interest from the date of taking to the date of jury verdict when the issue of interest was " 'computed by the jury and included in its verdict' . . . ." *City of St. Louis v. Vasquez*, 341 S.W.2d 839, 848 (Mo.1961).

7. *State ex rel. Highway Commission v. Commonwealth Drive-In Theatres, Inc.*, 413 S.W.2d 526, 528 (Mo.App.1967); *State ex rel. Highway Commission v. Kendrick*, 383 S.W.2d 740, 747 (Mo.1964); *State ex rel. Highway Commission v. Ellis*, 382 S.W.2d 225, 231 (Mo.App.1964).

rect condemnation proceedings. A prayer for damages in an inverse condemnation action is addressed initially and directly to the trier of fact—court or jury. There is no procedure comparable to the commissioners' report. There is no "commissioners' award." There is no comparable procedure as authorized by chapter 523, RSMo, so that it is impractical to determine the amount of interest on an "award" until the jury returns a verdict. In an inverse condemnation case, it is impossible to determine the date of the taking until determined by the triers of fact. These differences, in our opinion, preclude mechanical application of § 523.045 to inverse condemnation cases.

I cannot, therefore, interpret § 523.045 as empowering a court to add interest to the verdict from the date of the appropriation or "taking" in an inverse condemnation case. I would hold, as in *Green,* supra, that "if it be desired that the trial court add interest in the judgment, the authority so to do must be provided by specific statute. Stated conversely, I have concluded that a trial court does not have the power to add any amount to the sum fixed by the jury in its verdict (except when authorized by statute) but must enter a judgment for the sum stated therein." *Green,* supra, 305 S.W.2d at 693.

Even if I were to assume that the School District had a valid claim for prejudgment interest which could have been presented to the jury and such interest awarded, the trial court under these circumstances and under the authorities was, as in *Green,* powerless, in the absence of specific statutory authority, to add interest to the jury verdict and include it in its judgment.

Policy demands a cautious approach to an award of prejudgment interest in inverse condemnation cases. There is no statutory or constitutional authority marking the time of "appropriation," unlike direct condemnation proceedings. In a direct condemnation case, the statute acts as a limitation on the amount of time prejudgment interest may be awarded. In an inverse condemnation case, there is no such limiting statute.

I would conclude that in an inverse condemnation proceeding the trial court, in the absence of specific statutory authority, is powerless to add interest to the verdict of the jury.

I then turn to the issue of whether prohibition is a proper remedy. Respondent maintains that relator's petition of August 8, 1974, is merely an attempt to file an out of time appeal from the trial court's order of June 10, 1974, overruling relator's motion to quash execution. And the majority holds that since the relator did not appeal, the writ will not lie. I disagree.

It is often repeated in the courts of this state that the function of the writ of prohibition is to confine the lower court within its proper jurisdiction and to prevent it from acting without or in excess of its jurisdiction.[8] *State ex rel. Sisters of St. Mary v. Campbell,* 511 S.W.2d 141, 148 (Mo. App.1974); *State ex rel. St. Louis County v. Jones,* 498 S.W.2d 294, 299–300 (Mo.App. 1973); *State ex rel. T. J. H. v. Bills,* 495 S.W.2d 722, 725–726 (Mo.App.1973).

While it is generally stated that prohibition cannot be resorted to when the ordinary and usual remedies, such as an appeal, are adequate and available, yet this is not an inflexible principle. "[T]hese principles have their limitations and exceptions. (1) The writ is properly invoked to restrain the enforcement of orders beyond or in excess

8. Jurisdiction has various meanings. It may mean power over the subject matter or the person. But a close and realistic examination of the prohibition decisions indicates that its meaning has been expanded to prohibit a tribunal from doing an act which is beyond its authority and which it ought not to do.

"Simply stated, it is possible for a court to commit an act which may be prohibited by a superior court even though the lower court has jurisdiction over the subject matter and the parties." Note, the Writ of Prohibition in Missouri, 1972 Wash.U.L.Q. 511, 522.

of the authority of a judge and to keep a court within the compass of its jurisdiction. . . . (2) Where the relator is not given a reasonable opportunity to seek a writ of prohibition, the writ has issued. . . ." *State ex rel. Vogel v. Campbell*, 505 S.W.2d 54, 58 (Mo.banc 1974).[9]

I believe that prohibition is proper in this instance, since the "writ is properly invoked to restrain the enforcement of orders beyond or in excess of the authority of a judge and to keep a court within the compass of its jurisdiction." From the earliest days, the true function of the writ is to confine a judicial tribunal within proper limitations of judicial action, and when a tribunal exceeds those limitations, it is the duty of an appellate court to issue the writ.

Prohibition is not merely a remedy to redress a petitioner's claim but it is a means by which a court may secure and insure regularity in and limitations of judicial proceedings. And while prohibition is ordinarily a preventive rather than a corrective remedy, the remedy is available when a judicial body is proceeding in excess of its jurisdiction and some part of its duties remains to be performed. *State ex rel. Taylor v. Nangle*, 360 Mo. 122, 227 S.W.2d 655, cert. den. 340 U.S. 824, 71 S.Ct. 57, 95 L.Ed. 605 (banc 1950); *St. Louis K. & S. R. Co. v. Wear*, 135 Mo. 230, 36 S.W. 357, 363 (1896).

I believe that this is one of those situations where the record before us calls for the remedy of prohibition for the reason that the trial court in adding prejudgment interest to the verdict acted outside the limitations of its jurisdiction.

I conclude that the respondent's contentions are without merit and that the remedy of prohibition is proper.

By this ruling I do not say that prohibition is available as a substitute for appeal for any grievance which might be redressed in the ordinary course of judicial proceedings. But where a judicial tribunal renders a judgment in excess of its jurisdiction, it is our duty to limit such excess and confine a tribunal within its proper limits.

I would hold that the trial court exceeded its jurisdiction in awarding interest from the date of the "taking"—December 1, 1966 —to the entry of the judgment, March 27, 1972[10] and that prohibition is the proper remedy.

I would make the preliminary rule heretofore issued absolute.

GUNN, J., concurs.

**9.** See also *State ex rel. Berbiglia, Inc. v. Randall*, 423 S.W.2d 765, 770 (Mo.banc 1968); *State ex rel. Sisters of St. Mary v. Campbell*, supra, 511 S.W.2d at 148; *State ex rel. T. J. H. v. Bills*, supra, 495 S.W.2d at 725–726; *State ex rel. Vogel v. Campbell*, supra, 505 S.W.2d at 58; *State ex rel. Templeton v. Seehorn*, 208 S.W.2d 789, 794 (Mo.App.1947); *State ex rel. Kubatzky v. Holt*, 483 S.W.2d 799, 803 (Mo.App.1972); *Banker's Life Ass'n v. Shelton*, 84 Mo.App. 634, 639 (1900); *State ex rel. St. Louis, K. & N.W. Ry. Co. v. Withrow*, 133 Mo. 500, 36 S.W. 43, 49 (1896); *State ex rel. Wilson v. Burney*, 193 Mo.App. 326, 186 S.W. 23, 28 (1916).

See *State ex rel. Terminal R. Ass'n of St. Louis v. Tracy*, 237 Mo. 109, 140 S.W. 888, 890–891 (1911), for a statement of history and general principles.

See the interesting case of *Thomas v. Mead*, 36 Mo. 232 (1865)—the first case in prohibition in Missouri. There the clerk of the Supreme Court, appointed by the Governor after a constitutional amendment, from using its own records. Prohibition was held to lie against the trial court of St. Louis County which issued an injunction against certain persons from obtaining the Supreme Court records.

**10.** By so holding, I would not preclude the trial court from awarding interest from the date of the judgment, March 27, 1972, to the date of the disbursement of the amount of the judgment. Relator admits that "it would owe additional interest from and after March 27, 1974 until the date of the disbursement of the sum of $156,800.00 on or about April 25, 1974 . . . .."